21864

Joseph Lindsay GRIFFIN, Appellant, v. George N. MARTIN, III, Warden, and State of South Carolina, Respondents.
(300 S. E. (2d) 482)

*Assistant Appellate Defender David W. Carpenter,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *Donald J. Zelenka,* Columbia, *for respondents.*

Feb. 17, 1983.

NESS, Justice:

This is an appeal from the dismissal of appellant's post-conviction relief application. Appellant pleaded guilty to murder and was sentenced to life imprisonment. He now contends his plea was involuntary and that he received ineffective assistance of counsel. We disagree and affirm.

In the early morning hours of November 10, 1977, appellant went to the victim's place of employment. Armed with a rifle, he waited for several hours in the woods next to the parking lot for his ex-girlfriend. As she approached her car, appellant stepped from the woods and fired nine shots, seven of which struck her. Several of the victim's fellow employees witnessed the slaying. Appellant then turned the rifle over to someone at the plant and waited for the police to arrive.

Appellant contends he should be granted relief because his attorney advised him he would be eligible for parole in ten years if he pleaded guilty and was sentenced to life imprisonment, when in fact appellant would not be eligible for parole for twenty years. S. C. Code Ann. § 16-3-20 (1976).

Normally, parole eligibility is a collateral consequence of sentencing of which a defendant need not be specifically advised before entering a guilty plea. *Bell v. North Carolina,* 576 F. (2d) 564 (4th Cir. 1978). However, appellant contends *Strader v. Garrison,* 611 F. (2d) 61 (4th Cir. 1979) mandates his plea be vacated because he was actively misinformed about his parole eligibility.

In *Strader,* the 4th Circuit Court of Appeals declined to apply the collateral consequence rule because the defendant relied on erroneous advice concerning parole eligibility in entering his plea. Here, appellant failed to prove he relied on the misinformation.

Appellant's counsel testified he advised appellant to plead guilty because the case against him was overwhelming, and

the solicitor had agreed not to seek the death penalty if appellant pleaded guilty. In an appeal from the denial of post-conviction relief, we will uphold the trial court's findings of fact if they are supported by any probative evidence. *Griffin v. Warden,* CCI, 277 S. C. 288, 286 S. E. (2d) 145 (1982).

Since appellant failed to prove his attorney's erroneous advice concerning parole eligibility induced his guilty plea, we cannot say the trial court erred in finding appellant's plea was voluntarily entered and that he received effective assistance of counsel. Accordingly, we affirm.

Affirmed.

LEWIS, C. J. and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.