47049. TARWATER v. THE STATE.
(383 SE2d 883)

CLARKE, Presiding Justice.

Along with co-defendants Mary Ann Creed and Vicky Creed, Charles Tarwater entered a guilty plea. Tarwater pled guilty to the murder of Joseph A. Creed, Mary Ann's husband, and received a life sentence. Mary Ann and Vicky each pled guilty to conspiracy to com-

mit murder and received ten-year sentences. All three were represented by the same attorney. It is undisputed that the plea bargain required that unless all three plead guilty, none could. At the time of the plea Tarwater made it clear that he was only accepting responsibility for his part in the crime and was not admitting direct responsibility for the murder.

The present appeal is from the trial court's denial of an extraordinary motion for new trial or motion to withdraw the guilty plea. Tarwater based his extraordinary motion for new trial on a claim that he has received new evidence that Mary Ann Creed was directly responsible for the murder. During the hearing on the motion the court ruled that an extraordinary motion for new trial pursuant to OCGA § 5-5-23 is not available where there has been no trial. At that point the counsel for Tarwater, who represented all three of the co-defendants at the guilty plea, converted the motion into a motion to withdraw the guilty plea. The court denied the motion.

On appeal, Tarwater is represented by new counsel and raises the claim of ineffective assistance of counsel for the first time on appeal. He primarily bases this claim on his contention that there was a conflict of interest in the representation of the three defendants. Tarwater argues that because of this lack of effective assistance of counsel his guilty plea was not voluntary. Tarwater also argues that counsel was ineffective at the time of the motion to withdraw the guilty plea because of his failure to call Mary Ann Creed as a witness.

In *Fleming v. State*, 246 Ga. 90 (270 SE2d 185), cert. denied 449 U. S. 904 (1980), we held that where the state seeks the death penalty against any defendant, he and his co-defendants must have separate counsel. We pointed out that the federal courts which have addressed the problem of representation of multiple defendants have stressed the importance of personal questioning on the record by the trial court to assure that the right to separate attorneys was knowingly and intelligently waived. Finding this procedure fraught with danger, we refused to follow it in death penalty cases, formulating instead a blanket rule that an attorney representing any defendant in the death penalty case is under a constitutionally mandated disqualification to represent any co-defendant. However, we specifically stated, "[w]e leave for another day the question of multiple representation where the death penalty is not sought by the State." Id. at 92, n. 5.

The precise problem concerning us here is the effectiveness of counsel representing multiple defendants in negotiating and taking a guilty plea in a case not involving the death penalty. *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), established the following test for ineffective assistance of counsel in the context of a guilty plea: 1) the performance of counsel "fell below an objective standard of reasonableness" [quoting *Strickland v. Washington*, 466 U. S. 668,

687-88, (104 SC 2052, 80 LE2d 674) (1984)]; and 2) ". . .defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U. S. at 59. The Supreme Court considered the problem of an attorney's ineffectiveness due to conflict of interest in the representation of multiple defendants in *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980). In *Cuyler* the Supreme Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Id. at 348. Further, ". . . a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Id. at 349-50. Combining the standard for proving ineffectiveness in the context of the guilty plea and the standard for proving ineffectiveness due to conflict of interest, we are prepared to review the present case.

In *Thomas v. Foltz*, 818 F2d 476 (6th Cir. 1987), cert. denied 108 SC 198, the United States Court of Appeals for the Sixth Circuit confronted a situation very similar to that before us. Three defendants were indicted for murder. Thomas admitted carrying a gun but never admitted firing a shot. All three defendants were represented by the same counsel, Campbell. A plea bargain was arranged which required that all plead guilty. On application for habeas corpus, the case was referred to a magistrate for an evidentiary hearing. The magistrate found that "the combination of the contingent plea agreement and the multiple representation of all codefendants" created an actual conflict of interest which adversely affected the representation by Campbell. Id. at 479. The crucial factor in the conflict was the conditional plea which prevented counsel from bargaining on behalf of any defendant without jeopardizing the others. The magistrate concluded that pressure by counsel to obtain a "united plea" was a "substantial reason" for Thomas' decision to plead guilty. The decision of the magistrate that Thomas' counsel was ineffective was adopted by the district court, which granted a writ of habeas corpus.

Dealing with the question of ineffectiveness, the circuit court agreed that there was an actual conflict of interest between the defendants represented. The court reiterated that the conflict alone would not support a finding of ineffectiveness absent a finding that the conflict had adversely affected the voluntariness of the defendant's guilty plea. However, the court rejected the appellant's contention that in order to show an adverse effect of the representation Thomas must show that but for the representation of counsel he would not have entered a guilty plea. This argument, said the court, misstated the burden on Thomas.

"[O]nce an actual conflict is proven, a petitioner need only demonstrate an adverse impact on his counsel's performance, or, in this case, on his decision to enter a guilty plea. . . . [T]he proper focus is solely on whether Campbell's conflict affected his actions and Thomas' decision. . . ."

Id. at 483. See also *Ford v. Ford*, 749 F2d 681 (11th Cir. 1985), cert. denied 474 U. S. 909, in which the court found an actual conflict in the representation of two brothers by the same attorney when one defendant wanted a jury trial and the state would refrain from seeking the death penalty only if both pled guilty. We find the holdings in these circuit court opinions persuasive.

In the present case, it is undisputed that the plea bargain negotiated by counsel for the three defendants was conditioned upon their each pleading guilty. Counsel could not bargain for any defendant without jeopardizing the bargain as to the other two. There was, therefore, an actual conflict of interest between the defendants. The only question before us is whether the representation of appellant was adversely affected by this conflict. In answering this question, we hold that when counsel representing multiple defendants negotiates a plea bargain conditioned upon more than one pleading guilty, that attorney has suffered a conflict of interest which per se adversely affects his representation of each defendant affected. A showing that a defendant was allowed to plead guilty upon the condition that another defendant represented by the same attorney also plead guilty is a per se showing of ineffective assistance of counsel which rises to the level of an unconstitutional deprivation of the right to counsel.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 29, 1989. — RECONSIDERATION DENIED OCTOBER 18, 1989.

*Lee R. Hasty,* for appellant.
*William G. Hamrick, Jr., District Attorney, Monique F Kirby, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.