The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Pete GARCIA, Defendant–Appellant.

No. 89CA0365.

Colorado Court of Appeals, Div. III.

April 26, 1990.

As Modified on Denial of Rehearing June 7, 1990.

Certiorari Granted Oct. 29, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Pete Garcia, appeals the order denying his Crim.P. 35(c) motion to withdraw his guilty plea to accessory to first degree assault. He contends that his plea was entered through ineffective assistance of counsel. We vacate the order and remand for further proceedings.

Defendant was charged with two counts of attempted first degree murder, two counts of first degree assault, and two counts of violent crime. He pleaded guilty to one count of accessory to first degree assault in exchange for dismissal of all other charges, and was sentenced to four years of probation.

Prior to pleading guilty, defendant on several occasions asked his trial counsel whether such a plea would affect his ability to pursue civil remedies relating to what he believed was his wrongful arrest and incarceration. Counsel correctly advised defendant that the convictions could be used to impeach his credibility but, after consulting with other attorneys, counsel further advised defendant that the guilty plea would not bar the subsequent civil claims. This latter advice was contrary to Colorado law. *See Land v. Hill*, 644 P.2d 43 (Colo.App. 1981) (guilty plea bars a malicious prosecution claim and is an affirmative defense to a false arrest claim).

Defendant subsequently filed civil suits in both state and federal district courts. Thereafter, defendant secured a new attorney who, upon learning of the prior guilty plea, amended the federal court complaint

by moving to dismiss certain of defendant's most substantial claims. Several of defendant's remaining federal court claims, and all of his state court claims, were later dismissed for reasons not related to the guilty plea.

Here, defendant moved to withdraw the guilty plea based upon ineffective assistance of counsel. In an affidavit supporting his motion, defendant stated that he would not have pleaded guilty if he had been correctly advised by his attorney of the plea's effect on his civil remedies. In an affidavit, defendant's trial counsel concedes that he incorrectly advised defendant regarding the effect of a guilty plea on his civil remedies.

After a hearing, the trial court entered a written order denying defendant's motion. The court ruled that defendant had failed to show actual prejudice flowing from the incompetency of counsel because, in admitting the truth of the charges against him by his guilty plea, "[i]t is this truth that now bars his civil action[, and if] this Court finds that to be prejudice, then the Court is saying that ... [he] has the right to assert a false position in the civil action." This appeal followed.

## I.

■ A trial court receiving a guilty plea is required to advise the defendant "only on the direct consequences of the conviction to satisfy the due process concerns that a plea be made knowingly and with full understanding of the consequences thereof." A challenge to a guilty plea based upon a Sixth Amendment claim of ineffective assistance of counsel involves "examination of quite different considerations, however." *People v. Pozo*, 746 P.2d 523 (Colo.1987).

■ One claiming ineffective assistance of counsel must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Cole*, 775 P.2d 551 (Colo. 1989). Thus, to assert successfully a claim

that ineffective assistance of counsel invalidated a guilty plea, a defendant must establish 1) that counsel's advice was below the range of reasonable competence demanded of attorneys in criminal cases and 2) that, but for counsel's errors, the defendant would not have pleaded guilty and would have instead insisted on going to trial. *People v. Pozo, supra; see also Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Here, defense counsel tendered incorrect advice as to the consequences of a guilty plea. This advice was prompted by numerous and specific inquiries by the defendant. Moreover, counsel failed to base the advice on adequate research, instead choosing merely to ask other attorneys.

■ Although a defendant need not be advised of all collateral consequences of a guilty plea, if counsel has reason to know that particular collateral consequences are a concern to a defendant, but fails to conduct appropriate research, then failure to advise the defendant properly of those consequences may constitute ineffective assistance of counsel if the failure resulted in prejudice. *People v. Pozo, supra.* See 3 ABA, *Standards for Criminal Justice*, Standard 14–3.2(b) (2d ed. 1980) (commentary at 14–75).

■ Given the record herein, we are not prepared to conclude, as a matter of law, that defense counsel's conduct fell below acceptable standards. Rather, we conclude that such issue was a question of fact which should have been resolved by the trial court. *See People v. Pozo, supra.*

■ As to the issue of whether defendant was prejudiced, the trial court incorrectly focused on whether defendant's civil claims were dismissed because of "truths" he admitted by virtue of his guilty plea. The appropriate test for prejudice is whether there is a reasonable probability that he would not have pleaded guilty but for counsel's error. *Hill v. Lockhart, supra.* This issue is also one of fact that must be resolved on remand.

The order of the trial court is reversed, and the cause is remanded for further proceedings to determine unresolved issues of fact.

STERNBERG and NEY, JJ., concur.