## S91A1458. TARWATER v. THE STATE.
(409 SE2d 660)

SMITH, Presiding Justice.

In *Tarwater v. State*, 259 Ga. 516 (383 SE2d 883) (1989), this Court reversed the trial court and allowed the appellant, Charles Tarwater, Jr., to withdraw his earlier plea of guilty of the murder of Joseph A. Creed. Subsequently, a jury found him guilty of murder and he was sentenced to life imprisonment. We affirm.[1]

---

[1] The crime was committed on October 24, 1988. The Meriwether County jury returned its verdict of guilty on June 13, 1990. A motion for new trial was filed on July 13, 1990, amended, heard and denied on May 8, 1991. Notice of Appeal was filed on June 5, 1991. The transcript of evidence was filed on August 2, 1991. The record was docketed in this Court on August 7, 1991. The case was submitted by brief on September 4, 1991. The Attorney General's brief was filed on September 9, 1991 and the District Attorney's brief was filed on October 4, 1991.

The appellant was dating Vicki Creed, and her father, the victim, objected. The appellant and Vicki continued dating with the blessing and help of the victim's wife, Mary Ann Creed. Mr. Creed became so angry that he beat both his wife and daughter after seeing the appellant and Vicki together. After the beating, the two women left their home. Upon finding the women, Mr. Creed took them home at gunpoint where he beat them again.

Mrs. Creed, Vicki, and the appellant began planning ways in which to kill Mr. Creed. One morning while Mrs. Creed was at work and Vicki was at school, the appellant and his friend, Greg Lashley, walked onto the porch of Mr. Creed's mobile home. The appellant asked Greg to shoot, but he refused. The appellant stuck the barrel of the shotgun into Mr. Creed's bedroom window and fired one shot which blew off a portion of Mr. Creed's head. The coroner testified that such a wound would be fatal.

We do not find that any of the errors enumerated by the appellant authorize reversal.

The trial court did not err in denying the appellant's plea in bar. The appellant's trial occurred within the second regular term of court after his November 22, 1989 demand for a speedy trial was filed. OCGA § 17-7-171 (b).

There was no error, under the circumstances in the case, in permitting Vicki to refresh her recollection of certain letters that the appellant wrote to her and which were suppressed from evidence. OCGA § 24-9-69. Additionally, the trial court did not err in denying the appellant's motion for new trial.

A rational trier of fact could have found that the victim died as the result of the gunshot wound inflicted by the appellant. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying the appellant's motion for a directed verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1991.

*Lee R. Hasty,* for appellant.

*William G. Hamrick,* District Attorney, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Peggy R. Katz,* for appellee.