**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Carl E. MOORE, Defendant–Appellant.**

**No. 91CA1921.**

Colorado Court of Appeals,
Div. II.

Sept. 10, 1992.

Rehearing Denied Oct. 15, 1992.

Certiorari Denied Feb. 1, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Carl E. Moore, appeals an order of the trial court denying his motion for post-conviction relief. We affirm in part and remand.

Defendant entered a plea of guilty to first degree sexual assault and received a stipulated 16–year sentence. Upon learning that he would not be subject to mandatory parole, defendant filed a motion for post-conviction relief alleging that the plea had not been entered knowingly and that he had received ineffective assistance of counsel.

At a hearing on the motion, defendant's counsel testified that she had advised defendant that he would be eligible for mandatory parole after 8 years, provided he obeyed prison regulations. Defendant testified that he would not have entered the plea had he known that parole would be discretionary.

The trial court found that defendant had been prejudiced by the erroneous advice; however, it also found that trial counsel's advice had accurately reflected parole practices when given. Therefore, it concluded that the representation had not fallen beneath the standards prevailing in the community, and it, accordingly, denied the motion. However, the trial court did not rule on defendant's motion to withdraw his guilty plea because it had not been knowingly entered.

## I.

■ Defendant first contends that the trial court erred in ruling that the representation he had received was ineffective. We disagree.

■ In order to prevail upon a claim of ineffective assistance of counsel, a defendant must establish both that the representation received was deficient and that the deficiency resulted in prejudice. And, the test for evaluating counsel's performance is whether, under the circumstances faced by the attorney at the time, the assistance rendered was within the range of competence demanded of attorneys in criminal cases. *People v. Garcia,* 815 P.2d 937 (Colo.App.1991).

■ As the trial court noted, while the advice defendant received is no longer correct, *see Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990), it did reflect the actual practice of the parole board at the time it was given. Also, defendant failed to establish that such advice was not that typically given by attorneys in criminal cases. Eligibility for parole is a collateral consequence of defendant's plea, and there is no requirement in our rules or the federal rules which require that defendant be advised on this subject. *See Hill v. Lockhart,* 731 F.2d 568 (8th Cir.1984), *aff'd on other grounds,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Accordingly, the trial court correctly ruled that defendant had failed to demonstrate that he had received ineffective assistance of counsel.

## II.

Defendant next argues that his plea was invalid because the terms of the plea agreement were not followed and because he received an inadequate advisement. De-

fendant also contends that the new interpretation of the parole statutes violates the due process clauses of the U.S. and Colorado constitutions. We disagree. *Thiret v. Kautzky, supra,* and *Aue v. Diesslin,* 798 P.2d 436 (Colo.1990) are dispositive of these arguments.

### III.

■ Defendant did file a timely motion to withdraw his guilty plea on the ground that it was not knowingly made. Although this motion was considered at the same time the trial court ruled on the issue of inadequacy of counsel, the court did not rule specifically on this issue. The issues are separate and distinct, and we cannot infer from the findings regarding ineffective assistance of counsel that a ruling was made on this additional issue. We, therefore, remand the cause to the trial court for such proceedings as are necessary to resolve this issue.

That part of the trial court's order on the issue of ineffective assistance of counsel is affirmed, and the cause is remanded for further proceedings on the issue of withdrawal of the guilty plea.

REED, J., concurs.

RULAND, J., dissents.

Judge RULAND dissenting.

I respectfully dissent.

I recognize that trial counsel's advice to defendant concerning parole prior to entry of his plea was consistent both with what attorneys were advising their clients at the time and with the parole board's interpretation and application of the statutory scheme. *See Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990). However, our supreme court has held in *Aue v. Diesslin,* 798 P.2d 436 (Colo.1990) that it was reasonably foreseeable that the parole board's interpretation of the statute would be overturned. Hence, in the context of defendant's due process rights here, I conclude that the usual standard for review of counsel's advice should not apply.

Instead, in my view, the standard of review here should be that applied when a defendant has been grossly misinformed relative to the application of parole to his sentence. *See Strader v. Garrison,* 611 F.2d 61 (4th Cir.1979) (defendant incorrectly advised by counsel that his parole eligibility date would be several years earlier than it actually was); *O'Tuel v. Osborne,* 706 F.2d 498 (4th Cir.1983) (defendant incorrectly advised that parole eligibility would be in 10 years and not 20 years).

I view defendant as being grossly misinformed here because, instead of being eligible for parole at the end of eight years by complying with applicable Department of Corrections rules, he may never receive parole, and thus, he may serve his full sentence of 16 years in prison.

In my view, the fact that eligibility for parole is sometimes characterized as a collateral consequence of a plea should not be dispositive of defendant's contention. Failure to investigate and advise the defendant on significant collateral consequences of a plea may constitute ineffective assistance in this jurisdiction. *See People v. Pozo,* 746 P.2d 523 (Colo.1987) (failure to advise defendant of his exposure to deportation as an alien); *People v. Garcia,* 799 P.2d 413 (Colo.App.1990), *aff'd,* 815 P.2d 937 (1991) (failure to advise defendant of the inability to pursue certain civil claims).

I also disagree with the majority's conclusion that the case should be remanded to determine whether the defendant's plea was entered knowingly. Based upon the undisputed facts in the record before us, in my view, the plea was not entered knowingly as a matter of law.

To satisfy this requirement for entry of a valid guilty plea, the defendant must understand the possible penalty. Crim.P. 5(b)(4). To understand the penalty, a defendant should have correct information concerning his eligibility for parole if, as here, that is an issue of direct concern to him. When the defendant is provided incorrect information, I am unable to conclude that his plea is entered knowingly.