STATE v. DANIELS

[114 N.C. App. 501 (1994)]

STATE OF NORTH CAROLINA v. DARREN DANIELS

No. 935SC729

(Filed 19 April 1994)

**Criminal Law § 136 (NCI4th)— armed robbery—guilty plea— voluntariness—failure to inform defendant about parole eligibility**

Defendant's plea of guilty to armed robbery was not rendered involuntary by the trial court's failure to inform defendant that the mandatory minimum sentence of 14 years included a provision that he would have to serve seven years before being eligible for parole. Rather, defendant's plea of guilty was entered freely, understandingly and voluntarily where the trial court examined defendant concerning his guilty plea and the possible sentence he could receive in compliance with N.C.G.S. § 15A-1022(a), and defendant signed a plea transcript which detailed the offense to which he was pleading guilty and the possible sentence he could receive, including the mandatory minimum sentence of 14 years.

**Am Jur 2d, Criminal Law §§ 473-480.**

**Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.**

Appeal by defendant from judgment entered 16 December 1991 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 7 March 1994.

Defendant pleaded guilty to one count of armed robbery pursuant to a plea arrangement and retained counsel to represent him on this charge. On 11 December 1991, defendant's counsel moved to be allowed to withdraw for defendant's failure to pay as he had agreed. A hearing on this motion was scheduled for 16 December 1991.

On the day of the hearing, defendant pleaded guilty to the crime charged. Before accepting defendant's plea, the trial court examined defendant concerning his guilty plea and the possible sentence he could receive. Defendant was informed by the trial court that he would be sentenced to 14 years in prison. Defendant

also signed a plea transcript indicating, *inter alia*, that he understood that he would be sentenced to 14 years in prison and that the mandatory minimum sentence for armed robbery was 14 years. The trial court accepted defendant's guilty plea and sentenced defendant to 14 years.

Defendant stated in his affidavit that he and his attorney had always discussed going to trial and that he had informed his attorney of an alibi witness. On the morning of the hearing, defendant's attorney told defendant that he should take the plea because the other party indicted for the robbery, Peterson, was planning to testify that defendant committed the crime in exchange for a common law robbery plea deal. Defendant stated that his attorney also informed him that his prior conviction of breaking and entering and larceny would not look good to the jury. Defendant stated that he did not understand that a mandatory minimum sentence included a provision that he would have to serve seven years before being eligible for parole, and had he known this, he would not have entered a guilty plea.

*Attorney General Michael F. Easley, by Assistant Attorney General Archie W. Anders, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

WELLS, Judge.

In his sole assignment of error, defendant argues that the trial court erred in failing to fully inform defendant of the consequences of his plea, thereby rendering the plea involuntary and depriving defendant of his right to due process guaranteed by the North Carolina and United States Constitutions and Chapter 15A of the North Carolina General Statutes. We find no error.

Defendant argues that he did not understand that a mandatory minimum sentence of 14 years included a provision that he would have to serve seven years before being eligible for parole, and had he known that, he would not have pleaded guilty. Therefore, defendant contends that his guilty plea was not entered freely, understandingly and voluntarily. We disagree.

Upon tender of a plea of guilty, our trial courts are under a statutory duty to examine the defendant personally about his plea. The elements of that examination are set forth in N.C. Gen. Stat. § 15A-1022(a):

STATE v. DANIELS

[114 N.C. App. 501 (1994)]

(a) Except in the case of corporations or in misdemeanor cases in which there is a waiver of appearance under G.S. 15A-1011(a)(3), a superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to plead not guilty;

(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;

(5) Determining that the defendant, if represented by counsel, is satisfied with his representation; and

(6) Informing him of the maximum possible sentence on the charge, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge.

The statute does not contain a requirement that the trial court attempt to discuss or explain to a defendant any aspect of our law pertaining to parole; thus, the court was under no duty to do so.

This Court has held that evidence that defendant signed a plea transcript and that the judge made careful inquiry of the defendant concerning his plea is sufficient to show that the plea was entered into freely, understandingly and voluntarily. *State v. Thompson*, 16 N.C. App. 62, 190 S.E.2d 877, *cert. denied*, 282 N.C. 155, 191 S.E.2d 604 (1972). *See also State v. Crain*, 73 N.C. App. 269, 326 S.E.2d 120 (1985). In the case *sub judice*, defendant signed a plea transcript which detailed the offense to which he was pleading guilty and the possible sentence he could receive, including the mandatory minimum sentence of 14 years. After careful examination of the record before us, we conclude that defendant tendered his guilty plea freely, understandingly and voluntarily.

For the reasons stated above, we affirm the judgment of the trial court.

No error.

Judges ORR and WYNN concur.