S95A1246. THOMPSON v. GREENE.
(462 SE2d 747)

HINES, Justice.

On January 24, 1994, Derrick A. Greene pled guilty to one count

---

of trafficking in cocaine in violation of the Georgia Controlled Substances Act. Sentencing was deferred until February 4, 1994, when Greene was sentenced to 26 years, 25 of which were to be served in incarceration. Greene filed an Application for Writ of Habeas Corpus. After an evidentiary hearing, the Superior Court of Wilcox County granted the relief Greene sought and set aside his guilty plea and vacated his sentence. Wendy Thompson, Warden of the Wilcox County Correctional Institution, where Greene is incarcerated, appeals from the order of the habeas court.

The habeas court found that the State did not prove that the plea was freely and voluntarily entered. Specifically, it determined that in exchange for Greene's plea of guilty he was given hope that a reduced sentence would be recommended if he cooperated in drug sting operations and testified against his co-defendants. The habeas court also found Greene's counsel to be ineffective.

1. The transcript of Greene's guilty plea hearing shows that he responded in the negative when asked by the trial court whether anyone had promised him leniency in return for his plea of guilty. However, the transcript also reveals that after accepting Greene's plea, the trial court acknowledged the State's desire to defer sentencing until a later date and requested the State's punishment recommendation. The following dialogue between the court and counsel occurred:

> STATE: The State's recommendation is 25 years to serve with a $1,000,000 fine.
> COURT: All right. And, what else is it that y'all want to put on the record concerning the plea arrangement?
> DEFENDANT'S COUNSEL: Judge, Mr. Greene has agreed, basically, that the State to give them what the law calls substantial cooperation.
> The State has agreed to not oppose or at least consent to a motion for modification of sentence if he does cooperate to the extent that he turns for the State more than one half kilo of cocaine between now and the time that the motion to modify is brought.
> COURT: All right. So, does that mean that you are consenting to a reduction of the charge at some future point?
> STATE: Based on the cooperation, that's correct. One level of trafficking is going to be 15 years to serve with the appropriate fine.

The State then disavowed that Greene was being promised anything in exchange for his testimony against his co-defendants.

Testimony before the habeas court established that Greene testified against his co-defendants, who were convicted, and contacted the

District Attorney's office and a narcotics detective in an attempt to render the "cooperation" discussed at the plea hearing. The previously discussed cocaine acquisition was never arranged and Greene subsequently received the sentence originally recommended by the State. Thus, through no fault of his own, Greene was unable to complete the entire bargain envisioned by both the State and the defense.

A plea of guilty is valid only if freely and voluntarily made. *Strickland v. State*, 199 Ga. 792 (35 SE2d 463) (1945). Regardless of the State's pronouncement that Greene was not promised anything in return for his testimony and other future actions, the record clearly evidences that cooperation by Greene was consideration for what he thought would be a lesser sentence. This arrangement for future cooperation was not collateral to the guilty plea; rather, it was hope of benefit inextricably bound to it. After the court deferred sentencing, the State articulated a reduced charge it would bring, and a reduced sentence it would recommend, if Greene cooperated. The trial court never indicated that it would not follow the State's recommendation of a reduced sentence. See *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). As a result, Greene was led to believe that his cooperation in conjunction with his guilty plea would guarantee a lighter punishment. The fact that Greene stated that he had not been induced to enter the plea is not dispositive because the record clearly establishes that he was offered a reduced sentence for his cooperation. But cf. *Barksdale v. Ricketts*, 233 Ga. 60 (209 SE2d 631) (1974), where defendant initially denied that anyone induced his guilty plea, and the record did not establish the contrary. A guilty plea should not be allowed to stand where "influenced by the slightest hope of benefit or the remotest fear of injury. . . ." *Rowland v. State*, 72 Ga. App. 793, 802 (35 SE2d 372) (1945). Accordingly, the habeas court correctly found that Greene's plea was not entered freely and voluntarily.

Furthermore, after Greene pled guilty and testified against his co-defendants, the State did not effectuate its part of the plea agreement, but rather failed to provide Greene with the opportunity to do that which would have ensured that his sentence be reduced. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U. S. 257, 262 (92 SC 495, 30 LE2d 427) (1971).

2. The Warden contends that the habeas court erred in finding that Greene's guilty plea attorney was ineffective. We agree.

The United States Supreme Court determined in *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), that the test for establishing ineffective assistance of counsel enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), applies to guilty pleas. The two-part test employs an objective reasona-

bleness standard to counsel's performance and requires that the defendant establish " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Tarwater v. State*, 259 Ga. 516, 518 (383 SE2d 883) (1989), quoting *Hill*, supra at 59. Neither the guilty plea transcript, nor the habeas court's order, confirms that Greene established ineffective assistance under *Hill*. In finding that Greene's counsel was ineffective, the habeas court addressed counsel's actions after the guilty plea was entered and erroneously applied a "totality of the circumstances test." However, a remand on the issue of ineffective assistance of counsel would serve no purpose because the writ was correctly granted based upon the involuntariness of the plea.

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents as to Division 1 and the judgment.*

DECIDED OCTOBER 23, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General,* for appellant.

Derrick A. Greene, *pro se.*