S98A1984. WILLIAMS v. DUFFY.
(513 SE2d 212)

CARLEY, Justice.

In 1996, Michael Duffy was charged with several offenses, including armed robbery. Retained counsel negotiated a plea bargain whereby, in exchange for Duffy's entry of a plea of guilty to that charge, the State would recommend that he receive a 15-year sentence. After conducting a hearing, the trial court accepted both Duffy's guilty plea and the State's recommended sentence. Subsequently, Duffy filed a petition for habeas corpus relief, alleging the ineffectiveness of his attorney. The habeas court found, as a matter of fact, that counsel had failed to advise Duffy that, pursuant to OCGA § 17-10-6.1 (a) (2) and (c) (3), he would be ineligible for parole and, thus, would have to serve the entire 15-year sentence while incarcerated. Relying on *Hutchison v. State*, 230 Ga. App. 143 (495 SE2d 618) (1998), the habeas court further concluded, as a matter of constitutional law, that counsel's failure in this regard demonstrated his inef-

fectiveness. Based solely upon this finding and conclusion, the habeas court set aside Duffy's conviction and sentence for the armed robbery. The Warden appeals from the order granting this habeas corpus relief to Duffy.

1. Even a defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance. *Thompson v. Greene*, 265 Ga. 782, 784 (2) (462 SE2d 747) (1995). In order to show a constitutional violation of this Sixth Amendment right, however, the defendant must make a two-prong showing. He must demonstrate that his counsel erred and also "establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. [Cits.]" *Brantley v. State*, 268 Ga. 151, 152 (1) (486 SE2d 169) (1997). With regard to the performance prong, "the question is whether the attorney's advice falls within the range of competence of attorneys in criminal cases. . . ." *Smith v. Wilson*, 268 Ga. 38, 39 (2) (485 SE2d 197) (1997).

In the absence of extenuating circumstances, a defendant "is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance." *Lloyd v. State*, 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988). Duffy does not contend that his attorney failed to inform him of the precise terms of the plea bargain, including the fact that the State would recommend a 15-year term of imprisonment rather than insist upon the maximum sentence of life in prison. Compare *Lloyd v. State*, supra. Duffy asserts that counsel was ineffective simply because he failed to inform Duffy that no portion of the 15-year sentence could be served on parole. However, "eligibility or ineligibility for parole is not a 'consequence' of a plea of guilty, but a 'matter of legislative grace' or a 'consequence of the withholding of legislative grace.' [Cits.]" *Shanks v. State*, 672 S2d 1207, 1208 (Miss. 1996). Thus, OCGA § 17-10-6.1 (c) (3) would have only a collateral effect on Duffy's sentence for armed robbery, in no way lengthening the sentence itself, but conditioning satisfaction of that sentence upon Duffy's incarceration for the designated 15-year period. See *Fearson v. State*, 662 S2d 1225 (Ala. Crim. App. 1995); *People v. Moore*, 844 P2d 1261 (Colo. App. 1992). There is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid. See *Hill v. Lockhart*, 474 U. S. 52, 55-56 (106 SC 366, 88 LE2d 203) (1985); *Johnson v. Puckett*, 930 F2d 445, 448, fn. 2 (5th Cir. 1991); *Holmes v. United States*, 876 F2d 1545 (11th Cir. 1989); *Johnson v. Dees*, 581 F2d 1166 (5th Cir. 1978); *Trujillo v. United States*, 377 F2d 266 (5th Cir. 1967); *State v. Daniels*, 442 SE2d 161 (N.C. App. 1994); *Houle v. State*, 482 NW2d 24 (N.D.

1992); *Griffin v. Martin*, 300 SE2d 482 (S.C. 1983). See also Anno., 10 ALR4th 8, § 32 (1981). If a defendant's actual knowledge of such collateral consequences is not a prerequisite to his entry of a knowing and voluntary guilty plea, his

> lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea. [Cit.] Accordingly, counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance.

*United States v. Campbell*, 778 F2d 764, 768 (III) (11th Cir. 1985).

In *Hutchison v. State*, supra, the Court of Appeals held that counsel's failure to advise of parole ineligibility under OCGA § 17-10-6.1 violates the defendant's Sixth Amendment right which will authorize him to withdraw his guilty plea. However, this holding is clearly contrary to the weight of authority cited above, which provides that the failure to apprise the defendant of such a collateral consequence of the negotiated sentence does not constitute ineffective assistance of counsel. Accordingly, *Hutchison* is hereby overruled. We hold that Duffy is not entitled to habeas relief simply because he must comply with the literal terms of the plea bargain and serve the 15-year term of imprisonment that he accepted as punishment for the armed robbery which he freely and voluntarily acknowledged committing.

2. The habeas court also erred in predicating its grant of relief solely upon Duffy's purported satisfaction of the evidentiary burden as to the issue of his counsel's performance. As earlier pointed out, an ineffective assistance of counsel claim is viable only if the defendant can prove that the performance of his attorney was deficient *and* that he was prejudiced thereby. For the reasons discussed in Division 1, counsel's failure to advise Duffy of his parole ineligibility fails to satisfy the requisite initial performance prong of a viable Sixth Amendment claim and, thus, any question of prejudice resulting from counsel's deficient performance never arises. Therefore, we need not remand for the habeas court to consider the unaddressed prejudice prong in this case, because, in no event, would Duffy be entitled to habeas relief.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Fletcher, P. J., who dissent.*

FLETCHER, Presiding Justice, dissenting.

Because competent counsel would inform a criminal defendant of a new sentencing statute that will require the defendant to serve more time if he accepts the state's plea offer than he will if he is tried

and convicted, I dissent.

To establish ineffectiveness of counsel following a guilty plea, a defendant must show both that his counsel's performance "fell below an objective standard of reasonableness" and that, in the absence of his attorney's errors, he would not have pled guilty and would have insisted upon facing trial.[1]

In 1994, the legislature proscribed more stringent punishments for the "seven violent felonies," including armed robbery. OCGA § 17-10-6.1 became effective January 1, 1995, following ratification of a constitutional amendment by Georgia voters. Under OCGA § 17-10-6.1 (c) (3), a person who is convicted of one of seven "serious violent felonies," including armed robbery, and sentenced to less than life imprisonment is ineligible for parole. However, if that person receives a life sentence, he may be eligible for parole after 14 years.[2] Thus, by pleading guilty with the state's recommendation of a 15-year sentence, Duffy is required to serve one year more than if he had been tried, found guilty, and sentenced to life imprisonment. The record supports the habeas court's finding that Duffy's counsel failed to inform him that he would be ineligible for parole if he pled guilty and received a 15-year sentence. The failure of defense counsel to inform Duffy of the effect of the new sentencing statute applicable to his offense falls below an objective standard of reasonableness.

The majority equates "constitutionally ineffective assistance" with the deficiency prong. However, deficient performance is only "constitutionally ineffective" when it causes prejudice. In looking at the deficiency prong separately, I would hold that defense counsel's obligation to his client in entering a guilty plea is not defined by a trial court's duties in accepting a guilty plea. While the two concepts are interrelated, I am persuaded that the more logical approach is to recognize that a defendant's sixth amendment claim of ineffective assistance of counsel is separate from a due process claim that a plea was not knowingly and voluntarily made.[3] Although the result under either inquiry will often be the same, for the sake of clarity in the law and for guidance to the bench and bar, the better practice would be to keep the two issues distinct.

I would affirm the habeas court's conclusion that counsel's per-

---

[1] *Hill v. Lockhart*, 474 U.S. 52, 59 (106 SC 366, 88 LE2d 203) (1985); *Tarwater v. State*, 259 Ga. 516, 517-518 (383 SE2d 883) (1989).

[2] OCGA § 17-10-6.1 (c) (1).

[3] See *Yoswick v. State*, 700 A.2d 251 (Md. 1997); *Williams v. State*, 641 N.E.2d 44 (Ind. Ct. App. 1994); *Kinnersley v. State*, 494 N.W.2d 698 (Iowa 1993); *People v. Moore*, 844 P.2d 1261 (Colo. Ct. App. 1992); *State v. Chung*, 510 A.2d 72 (N.J. Super. Ct. App. Div. 1986); *Lyons v. Pearce*, 694 P.2d 969 (Or. 1985) (en banc); *Tafoya v. State*, 500 P.2d 247, 251 (Alaska 1972), *cert. denied*, 410 U.S. 945 (93 SC 1389, 35 LE2d 611) (1973); *Strader v. Garrison*, 611 F.2d 61 (4th Cir. 1979).

formance was deficient, but I would remand for consideration of whether Duffy would have insisted on going to trial in light of the strength of the state's case and the pendency of additional charges for aggravated assault and burglary.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED MARCH 1, 1999.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellant.
*Craig L. Cascio,* for appellee.