## A99A0886. TAYLOR v. THE STATE.
(521 SE2d 375)

RUFFIN, Judge.

A Muscogee County jury found Johnny Taylor guilty of one count of entering an automobile and one count of attempting to enter an automobile. Taylor appeals, contending that he received ineffective assistance of counsel. As Taylor's contention lacks merit, we affirm.

On February 2, 1997, Charles Thompson saw Taylor rummaging through a Jeep Cherokee belonging to Thompson's neighbor while the Cherokee's silent alarm lights were flashing. Thompson, who was in his car, called 911 from his car phone and reported the incident. After Taylor exited the Jeep, Thompson saw him go to another neighbor's house and attempt to open the doors of a Chevrolet Blazer. Shortly thereafter, Taylor was apprehended by the police.

Prior to trial, Taylor rejected a plea bargain of five years with two to serve. Taylor was offered a second plea bargain of five years with three to serve, which Taylor also rejected. After a jury convicted Taylor, the trial court sentenced him to five years on the first count and two and one-half years on the second count, to be served consecutively for a total of seven and one-half years. As Taylor is a recidivist, he is not eligible for parole.

In his sole enumeration of error on appeal, Taylor contends that he received ineffective assistance of counsel because his trial attorney failed to timely inform him of the consequences of recidivist punishment — namely, that he would be ineligible for parole. See OCGA § 17-10-7. At the hearing on the motion for new trial, Taylor testified that he would have accepted the plea bargain had he fully understood the ramifications of going to trial.

As an initial matter, we do not believe that an attorney's failure to inform a defendant regarding his ineligibility for parole constitutes ineffective assistance of counsel. In the recent case of *Williams v. Duffy*, 270 Ga. 580 (513 SE2d 212) (1999), our Supreme Court addressed a similar issue. In *Duffy*, the State offered the defendant a sentence of 15 years in exchange for his guilty plea, and the defendant accepted the offer. The trial attorney who negotiated the plea failed to inform Duffy that he would be ineligible for parole. Duffy

filed a petition for habeas corpus relief claiming ineffective assistance of counsel. In rejecting Duffy's claim, the Supreme Court noted that "eligibility or ineligibility for parole is not a consequence of a plea of guilty, but a matter of legislative grace or a consequence of the withholding of legislative grace." (Punctuation omitted.) Id. at 581. The Supreme Court concluded that Duffy's attorney was not constitutionally required to advise Duffy of "such collateral consequences" in order for his plea to be valid. Id. Accordingly, the Supreme Court reasoned that

> [i]f a defendant's actual knowledge of such collateral consequences is not a prerequisite to his entry of a knowing and voluntary guilty plea, his lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea. Accordingly, counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance [of counsel].

(Citations and punctuation omitted.) Id. at 582 (1).

We see no reason why the converse of this would not also be true — that a trial attorney's failure to inform a defendant of the "collateral consequences" of proceeding to trial rather than accepting a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. Thus, under the reasoning of *Duffy*, Taylor's claim of error lacks merit.

Moreover, unlike *Duffy*, Taylor's trial attorney *did* inform Taylor of the ramifications of proceeding to trial. According to the attorney, she told Taylor about the sentence he would face following a conviction and that, as a recidivist, he would be ineligible for parole. Taylor contends that the attorney should have informed him *earlier* of the consequences of going to trial. This contention also lacks merit as the attorney told Taylor prior to trial that he would be sentenced as a recidivist and that he would be ineligible for parole. Thus, Taylor had the relevant information when he made the decision to reject the State's plea offer. Under these circumstances, the trial court's finding that Taylor was not denied effective assistance of counsel is not clearly erroneous and will not be disturbed. See *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128) (1993).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 27, 1999.

*William P. Nash, Jr.*, for appellant.

*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney*, for appellee.