## A00A1454. KING v. THE STATE.
### (539 SE2d 614)

BLACKBURN, Presiding Judge.

Following a jury trial, Leon King was convicted of robbery, armed robbery, and two counts of burglary. King appeals contending that: (1) the evidence was insufficient to support his convictions; (2) the trial court erred by admitting similar transaction evidence; and (3) he received ineffective assistance of counsel. For the following reasons, we affirm.

Viewing the evidence in the light most favorable to the jury's verdict, *Yarbrough v. State*,[1] the record shows that, on July 8, 1996, Barbara Morton was in her home watching TV when King entered her house with a gun. He robbed her of $2,100 in cash. At trial, King's girlfriend testified that King told her he had taken $2,100 from an elderly lady.

Sixteen days later, on July 24, 1996, at 4:00 a.m., Morton heard the door to her basement kicked open and then saw King in her hallway. King grabbed her, threatened her, and took $30 in cash. Morton positively identified King at trial as the man who had robbed her on both occasions.

1. The evidence at trial supported King's convictions of robbery, armed robbery, and burglary. "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1 (a). Morton testified that King entered her

[7] See id.
[1] *Yarbrough v. State*, 241 Ga. App. 777, 780-781 (4) (527 SE2d 628) (2000).

home without her consent on two occasions to rob her.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) [b]y use of force; [or] (2) [b]y intimidation." OCGA § 16-8-40 (a). Morton testified that, during the second encounter with King, he grabbed her, threw her to the floor, covered her face and mouth, and demanded money.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). Morton testified that, during the first encounter with King, he put a gun to her head, grabbed both her wrists in one of his hands, and dragged her off the sofa and down the hall before taking her money. This evidence was sufficient to authorize the jury's finding that King was guilty, beyond a reasonable doubt, of the offenses of robbery, armed robbery, and two counts of burglary. See *Jackson v. Virginia.*[2]

2. In the second enumeration of error, King contends the trial court erred in allowing the admission of similar transaction testimony over his objection because the evidence was offered for inappropriate purposes and because the prior act was not sufficiently similar.

> Evidence of similar transactions may be admitted if the State affirmatively shows (1) that the evidence serves an appropriate purpose; (2) the accused committed the other offense; and (3) a sufficient connection between the similar offense and the offense for which the accused is being tried such that proof of the former tends to prove the latter.

(Punctuation omitted.) *Grant v. State;*[3] *Williams v. State.*[4]

During a pre-trial hearing on the admissibility of the similar transaction evidence, the State informed King that a City of Atlanta police officer would offer testimony about King's 1995 guilty plea for attempted burglary of the officer's apartment, located approximately 600-1,000 feet from Morton's home. At trial, the officer identified King as the person who had tried to kick in and pry open his door with a crowbar. Evidence of King's guilty plea was admitted at trial.

The trial court admitted the similar transaction evidence to show identity, motive, intent, course of conduct, scheme, plan, and bent of mind. These are proper purposes for the admission of the evi-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Grant v. State*, 237 Ga. App. 892, 894 (2) (515 SE2d 872) (1999).
[4] *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

dence. *Grant*, supra. Regarding the similarity of the incidents, on appeal we focus on the similarities of the incidents rather than their differences. *Quezada v. State*.[5] In this case, both acts concerned burglary or attempted burglary in which King had kicked in or attempted to kick in the victim's door. The incidents occurred in the same neighborhood. The trial court's determination that the earlier attempted burglary was sufficiently similar to the burglaries in the present case was not clearly erroneous. *Evans v. State*.[6]

3. In the third enumeration of error, King alleges ineffective assistance of counsel. King contends that his plea of not guilty was ill-advised because his counsel did not tell him that the State intended to seek recidivist punishment and that, consequently, if convicted he would be ineligible for parole. King declined the State's pre-trial offer of a plea agreement to serve ten years. At the hearing on the motion for new trial, King testified that he would have accepted the plea bargain had he understood that he might have to serve more time.

An attorney's failure to inform a defendant regarding his ineligibility for parole does not constitute ineffective assistance of counsel. *Taylor v. State*;[7] *Mann v. State*;[8] see *Williams v. Duffy*.[9]

> [E]ligibility or ineligibility for parole is not a consequence of a plea of guilty, but rather is a matter of legislative grace or a consequence of the withholding of legislative grace. *Williams v. Duffy*, [supra]. Thus, the requirement . . . that [King] serve the maximum time provided in the sentence of the judge for this conviction[ ] would have only a collateral effect on [King's] sentence. . . . [Id.] There is no constitutional requirement that a defendant be advised of such collateral consequences for his decision to reject or accept a plea bargain to be valid.

*Mann*, supra at 810.

Moreover, King's own testimony shows that he understood the ramifications of accepting the plea or proceeding to trial. King testified at the hearing on the motion for new trial that his counsel had advised him that if he accepted the plea he would have to serve all ten years due to his prior convictions. King further testified that counsel advised him that if he was convicted of the crimes, he would

---

[5] *Quezada v. State*, 236 Ga. App. 718, 721 (1) (512 SE2d 401) (1999).

[6] *Evans v. State*, 235 Ga. App. 577, 579 (3) (510 SE2d 313) (1998).

[7] *Taylor v. State*, 239 Ga. App. 329 (521 SE2d 375) (1999).

[8] *Mann v. State*, 240 Ga. App. 809, 810 (1) (b) (524 SE2d 763) (1999).

[9] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

have to serve the full amount of his sentence. Under these circumstances, the trial court's determination that King was not denied effective assistance of counsel is not clearly erroneous and will not be disturbed. *Mann*, supra; *Taylor*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 22, 2000.

*Carla J. Friend*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.