**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS AND BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 9, 2015**

# In the Court of Appeals of Georgia

A14A0190. ALEXANDER v. THE STATE.

BRANCH, Judge.

Calvin Alexander filed a motion to withdraw his guilty plea, asserting that the plea resulted from ineffective assistance of counsel. The trial court denied that motion, finding that trial counsel's failure to inform Alexander that he would be ineligible for parole did not constitute ineffective assistance of counsel. Alexander appealed and in an earlier decision we concluded that under the Georgia Supreme Court's decision in *Williams v. Duffy*, 270 Ga. 580 (513 SE2d 212) (1999), a lawyer's failure to inform his client of the consequences the client's guilty plea might have on his eligibility for parole could not constitute deficient performance as a matter of law. *Alexander v. State*, 328 Ga. App. 300, 306-307 (761 SE2d 844) (2014). We therefore affirmed the trial court's order. Id. The Supreme Court of Georgia subsequently

reversed our decision and in doing so overruled *Williams*. See *Alexander v. State*, 297 Ga. 59, 64 (772 SE2d 655) (2015). Accordingly, we now vacate our earlier decision and adopt the opinion of the Supreme Court as our own.

We reverse the order of the trial court and remand the case for further proceedings consistent with this opinion and the opinion of our Supreme Court. Specifically, the trial court should apply the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LEd2d 674) (1984) to determine whether Alexander received ineffective assistance of counsel. See *Alexander*, 297 Ga. at 65-66.

*Judgment reversed and case remanded with direction. Barnes, P. J., and Boggs, J., concur*.