## A94A2582. MURRAY v. THE STATE.
(455 SE2d 79)

McMURRAY, Presiding Judge.

Defendant was charged, via indictment, with 14 counts of armed robbery (Counts 1 through 14), two counts of aggravated assault with a deadly weapon (Counts 15 and 16), two counts of cruelty to children (Counts 17 and 18), 18 counts of kidnapping (Counts 19 through 36), two counts of aggravated assault upon a peace officer (Counts 37 and 38) and one count of possession of a firearm during the commission of a felony (Count 39). After consulting with two attorneys and considering the State's petition for a negotiated plea (totaling three consecutive life terms followed by a twenty-year prison sentence), defendant decided to enter a plea of guilty to all thirty-nine counts of the indictment and submit to sentencing without recommendation (pursuant to a plea bargain) by the State.

At arraignment, the trial court made inquiry on the record as to the factual basis of defendant's plea pursuant to Uniform Superior Court Rule 33.9, thus revealing that all thirty-nine counts of the indictment stem from an incident whereby defendant engaged in a shoot-out with law enforcement officers immediately after his use of a rifle to intimidate, rob and abduct numerous patrons and employees (including two minors) of a Pizza Hut restaurant on Abercorn Street in Savannah, Georgia. The trial court then questioned defendant extensively regarding the knowing, free and voluntary nature of his plea, fully advising defendant of the serious consequences of the choices confronting him. During this examination, defendant affirmed that he understood the consequences of his intended action and indicated that he wished to go forward with the guilty plea. Defendant also affirmed that he had consulted with his attorney and professed satisfaction in the representation provided by his attorney. Defendant then entered a plea of guilty to all 39 offenses charged in the indictment and the trial court accepted the plea.

In aggravation of punishment, the State presented evidence showing that defendant committed two separate similar criminal transactions in the Savannah area within the six-month period prior to commission of the crimes charged in the case sub judice. In response, defense counsel called three character witnesses (including the defendant's mother) who testified as to defendant's good, faithful and honorable character. Defense counsel also offered proof of defendant's accomplishments while in prison (i.e., "his certificate of general education and development . . .") and a letter from a prison guard reflecting defendant's good behavior during incarceration. Defendant then consulted with his attorney and elected to enter the following statement before testifying: "Your Honor, all I can say, really, is that I made a mistake. I've caused my family more grief than I

should have by error in judgment that I had. At the time, I felt that my problems were too much for me to cope with and I felt that I needed to do something. I just made the wrong mistake in judgment for what I did. That was the first time that I've ever did anything like that, and when I did it, it was a scary situation. I'm glad it's over. . . . I know I deserve punishment of some sort. As far as everything else that happened, if it's anything else that I've done, I confess to it, because I'm not the type of person to just dodge something that I did. If I know I did it, I'll confess to it. Like I said, I've tried to do things the best that I could, and I felt that there was no other way for me when I did that."

Following argument of defense counsel and the State's attorney, the trial court sentenced defendant to serve fourteen concurrent life terms for the armed robberies (Counts 1 through 14), followed by four consecutive twenty-year prison terms for the aggravated assaults (Counts 15 and 16, 37 and 38), followed by two concurrent ten-year prison terms for committing separate acts of cruelty to children (Counts 17 and 18), followed by eighteen concurrent twenty-year prison terms on the kidnapping charges (Counts 19 through 36), followed by a five-year prison term for being in possession of a firearm during the commission of a felony (Count 39).

Defendant filed (via assistance from a third attorney) a motion to modify his sentence and a motion to withdraw his guilty pleas, asserting (in pertinent part) the following: "Defendant maintains that at the time of his plea he had had no contact with retained counsel and believed that he was going to a bond hearing. He had never discussed the evidence in the case with counsel. He had never discussed the possibility of a plea with counsel and he had never discussed the prospective sentences he might receive under an open ended plea with counsel."

At a hearing, the State presented evidence repudiating defendant's assertions of ineffective assistance of counsel. Specifically, the evidence reveals that defendant was first represented by retained counsel on July 2, 1993, 17 days after defendant's arrest. This attorney met with defendant (either personally or via associates with his law firm) at least six times during a period of about three months, talked with members of defendant's family about representing defendant, "show[ed] and explain[ed] the indictment" to defendant, advised defendant of the elements of the crimes charged, discussed possible defenses to the indictment with defendant, informed defendant that the State had the burden to prove guilt beyond a reasonable doubt, went over the State's offer for a negotiated plea and advised defendant that he "vehemently" opposed accepting the State's plea bargain in light of pending charges against defendant stemming from his alleged participation in two prior similar criminal transactions.

This attorney also represented defendant at a preliminary hearing and concluded (based on overwhelming proof that defendant committed the crimes charged and testimony that defendant begged law enforcement officers to kill him at the time of apprehension) that defendant's only likely defense involved "a question of [defendant's] sanity." This attorney advised defendant that he was facing "at least a life sentence if the investigation as to the sanity question didn't turn up something."

After failing to fully compensate his first attorney, defendant retained another attorney on October 13, 1993. This attorney had been personally acquainted with defendant and defendant's family for about four years prior to being retained. The second attorney talked with defendant on four separate occasions before defendant entered the open-ended guilty pleas and he investigated defendant's case by discussing the matter with the State's attorney and reviewing discovery materials provided by the State. This attorney advised defendant of the evidence the State had collected, informed defendant of the respective burdens of proof at trial, apprised defendant of the elements of the crimes charged, informed defendant of possible sentences for the crimes charged and discussed the State's negotiated plea offer with defendant. In this regard, defendant's second attorney "indicated to [defendant] that if we went open-ended, it was my feeling that the Judge wouldn't do any worse than what the plea offer was." Defendant never indicated a desire to proceed with a trial.

This appeal followed denial of defendant's motions to modify his sentence and to withdraw his guilty pleas. *Held*:

1. Defendant contends the trial court erred in denying his motion to withdraw his guilty plea based on ineffective assistance of counsel, arguing that his second attorney's failure to investigate the question of his sanity or to adequately confer with him before arraignment caused him to enter a plea of guilty without full knowledge or understanding of the consequences of his actions.

"In *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985), the Supreme Court held that the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), applies when guilty pleas are challenged based on ineffectiveness of counsel. Under these circumstances, to satisfy the second prong of the *Strickland* test a defendant must show there is a reasonable probability that but for counsel's deficiency he would not have pled guilty, but would have insisted upon going to trial. *Hill*, supra, 466 U. S. at 59." *Edmond v. State*, 214 Ga. App. 707, 708 (2) (448 SE2d 775).

In the case sub judice, defendant offered no probative evidence supporting his claim of the availability of a defense of impaired mental capacity. Further, there is no indication that defendant at-

tempted to obtain such proof after arraignment (via request for a professional evaluation of his mental health) in order to substantiate a theory that he is not criminally responsible for the violent acts he committed. Under these circumstances, we find no basis for defendant's claim that his second attorney provided ineffective assistance by either failing to investigate the possibility of a defense of impaired mental capacity or failing to advise defendant that such a defense was possible. In addition, deferring to those portions of the record supporting the trial court's ruling, *Kidwell v. State*, 264 Ga. 427, 432 (11) (444 SE2d 789), defendant failed to demonstrate that the representation provided by his second attorney fell below an objective standard of reasonableness or that there is a reasonable probability that the disposition of the case sub judice would have been different but for the alleged deficiencies. *Strickland v. Washington*, 466 U. S. 668, supra. See *Scott v. State*, 185 Ga. App. 568, 570 (3) (365 SE2d 127); *Thompson v. State*, 208 Ga. App. 825 (432 SE2d 250). Accordingly, the trial court did not err in denying defendant's motion to withdraw his guilty pleas on the ground of ineffective assistance of counsel. See *Whitehead v. State*, 211 Ga. App. 121 (438 SE2d 128). Compare *Wharton v. State*, 248 Ga. 265 (282 SE2d 310).

2. Defendant next contends the trial court abused its discretion in refusing to modify his sentence.

"OCGA § 17-10-1 authorizes the trial judge to impose any sentence within the minimum and maximum prescribed by law as punishment for the crime. See *Jefferson v. State*, 209 Ga. App. 859, 862-863 (2) (434 SE2d 814) (1993)." *Williams v. State*, 214 Ga. App. 421, 422 (4) (447 SE2d 714). In the case sub judice, it is undisputed that the sentences imposed by the trial court were within the range of punishments prescribed by law. Consequently, the trial court did not abuse its discretion in denying defendant's motion to modify his sentence.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 28, 1995 —
RECONSIDERATION DENIED MARCH 10, 1995 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Gregory M. McConnell*, Assistant District Attorney, for appellee.