## A98A0162. HUTCHISON v. THE STATE.
### (495 SE2d 618)

JOHNSON, Judge.

Neil Hutchison was sentenced to serve 15 years in confinement after entering a negotiated guilty plea to rape. In this appeal he contends the trial court erred in denying his motion to withdraw his guilty plea based on ineffective assistance of counsel.

" 'In *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985), the Supreme Court held that the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), applies when guilty pleas are challenged based on ineffectiveness of counsel. Under these circumstances, to satisfy the second prong of the *Strickland* test a defendant must show there is a reasonable probability that but for counsel's deficiency he would not have pled guilty, but would have insisted upon going to trial. *Hill*, supra, 466 U. S. at 59.' [Cit.]" *Murray v. State*, 216 Ga. App. 593, 595 (1) (455 SE2d 79) (1995). See *Brantley v. State*, 268 Ga. 151 (1) (486 SE2d 169) (1997); *Cummings v. State*, 225 Ga. App. 239 (483 SE2d 605) (1997); *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634) (1993).

Hutchison argues that trial counsel never told him that rape is designated a "serious violent felony" which, under OCGA § 17-10-6.1 (c) (3), a relatively new statute, would require him to serve his sentence in prison in its entirety. Rather, at the hearing on the motion to withdraw the guilty plea, Hutchison's counsel outlined how he and the prosecutor agreed to put evidence of mitigating factors on the record specifically for the purpose of future consideration by the sentence review panel. At the hearing, counsel as much as admitted that he was unaware that Hutchison would not be eligible for parole because the offense had been designated by the legislature as a "serious violent felony."

In *Whitehead v. State*, 211 Ga. App. 121 (438 SE2d 128) (1993), we concluded that trial counsel's advice to Whitehead that a statutorily mandated life sentence was a possibility but not a certainty in the event of a second conviction for sale of cocaine did not constitute ineffective assistance of counsel. In *Whitehead*, trial counsel was aware of the mandatory life sentence statute for subsequent offenders and informed Whitehead that imposition of the mandatory life sentence was a possibility. Counsel believed, however, that because Whitehead's first conviction was committed before the mandatory life sentencing provisions were effected by the legislature, its imposition would constitute an ex post facto application of the enhanced sentencing provisions violating Whitehead's constitutional rights. Although a life sentence was imposed, Whitehead had been informed of that possibility during plea negotiations.

Contrary to the state's assertion, this case is also distinguishable

from *Smith v. State*, 174 Ga. App. 238 (329 SE2d 507) (1985) (physical precedent only). In *Smith*, there was no allegation that trial counsel rendered ineffective assistance with respect to the guilty plea. The focus in *Smith* was whether the trial court complied with the requirements of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) in accepting a guilty plea. In her special concurrence in that case, Judge Beasley made that point clear: "Counsel did not know when defendant would be eligible [for parole], if at all, and told defendant so before the plea was entered. . . . [A]ppellant states in his brief 'that (he) is not arguing that his attorney misled him with reference to the amount of time that he might serve if he had a good prison record.' " Id. at 242. See also *Brown v. State*, 216 Ga. App. 312, 313-314 (1) (454 SE2d 596) (1995).

Here, it is clear from a review of the transcript in this case that trial counsel was unaware of the existence of OCGA § 17-10-6.1 and therefore was unable to correctly advise Hutchison of the consequences of the choices confronting him. See *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988). Indeed, under OCGA § 17-10-6.1 (c) (1), had Hutchison been convicted of rape at trial and sentenced to life imprisonment, he would have been eligible for some form of sentence reduction after 14 years, rather than serving the entire 15 years he received pursuant to his plea. And, of course, had he gone to trial, he might have been acquitted or found guilty of a lesser included offense carrying a reduced sentence.[1]

In light of the circumstances of this case, there is a reasonable probability that but for counsel's deficiency, Hutchison would not have pled guilty, but would have insisted upon going to trial. Accordingly, the trial court erred in denying his motion to withdraw his guilty plea based on ineffective assistance of trial counsel.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 9, 1998.

Neil Hutchison, *pro se.*

---

[1] We note that Hutchison's belief that he would not have to serve the entire sentence was bolstered by a provision in the trial court's waiver of rights form which Hutchison signed: "If my punishment includes a sentence of twelve (12) years or more in jail or on probation I understand that I have the right to have my sentence reviewed by a Sentence Review Panel if I consider the sentence too long or too harsh." Hutchison explained that when he applied for a review of his sentence, he received a response informing him that they had no jurisdiction to review the sentence.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.