A99A1820. ELLIS v. THE STATE.
(523 SE2d 914)

ELLINGTON, Judge.

Frederick Ellis entered a guilty plea to one count of armed robbery, OCGA § 16-8-41, and was sentenced to serve ten years in prison. Following the denial of his motion to withdraw his guilty plea, Ellis appeals, contending that he received ineffective assistance from

his trial counsel and that, as a result, his plea was not knowingly, intelligently and voluntarily entered. We conclude that Ellis received effective representation and affirm.

1. Ellis contends that his trial counsel Linda Lyons provided ineffective assistance in two ways: (1) that she represented him together with his co-defendant Robert Callahan at their guilty plea hearing despite a conflict of interest, and (2) that she failed to advise him accurately of the parole consequences of pleading guilty to armed robbery.

These undisputed facts are relevant to Ellis's first claim of ineffective assistance. Three men, one of whom wore a ski mask and held a sawed-off shotgun, robbed three restaurant patrons in a parking lot. One of the victims immediately called the police and described the car in which the three robbers left. About 30 minutes later, a car matching that description avoided a roadblock. During the ensuing chase, the police saw three men get out of the car, discard a backpack containing a ski mask and a shotgun, and run away. The police found Ellis, Callahan and Thomas Rollins hiding in the area and arrested them for the robbery. One of the victims identified Rollins and the shotgun at a showup that night; none identified Ellis or Callahan. Ellis and Callahan both maintained that they had been in the car during the robbery and that two other men had participated in the robbery with Rollins, but the other two alleged participants in the robbery were never identified.

Callahan hired Lyons to represent him and asked if she could also represent Ellis. Lyons represented both men at the preliminary hearing and during the pretrial phase. About one month before the trial date, Ellis told Lyons for the first time that he had been shown the gun and invited to take part in the robbery but that he had declined. Lyons believed that this statement compromised Ellis's ability to support Callahan's alibi and advised her clients that she could not represent either of them if they decided to go to trial. Lyons got two attorneys to agree to take over the representation if Ellis and Callahan decided to go to trial. She counseled her clients separately about the option of entering a guilty plea as authorized by *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). Lyons did not disclose to her clients what the other had decided about pleading or going to trial until both had decided to plead guilty.

(a) In ruling on Ellis's claim that a conflict of interest made his counsel ineffective, the trial court was required to apply the standard for proving ineffectiveness in the context of a guilty plea combined with the standard for proving ineffectiveness due to conflict of interest. *Tarwater v. State*, 259 Ga. 516, 517-518 (383 SE2d 883) (1989). To judge the effectiveness of counsel representing multiple defendants in negotiating and taking a guilty plea, the court must deter-

mine (1) whether the performance of counsel fell below an objective standard of reasonableness, and (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Id. To judge the effectiveness of counsel representing multiple defendants with conflicting interests where a defendant raised no objection at trial, the court must determine whether an actual conflict of interest adversely affected the lawyer's performance. Id. at 518. A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous, and the defendant must overcome a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

In this case, the undisputed evidence is that Ellis and Callahan each independently arrived at the decision to plead guilty to armed robbery. Lyons did not negotiate guilty pleas for Ellis and Callahan that were conditioned on both pleading guilty. Cf. *Tarwater v. State*, 259 Ga. at 519 (ineffective assistance of counsel is conclusively established by showing that a defendant was allowed to plead guilty upon the condition that another defendant represented by the same attorney also plead guilty). Even though an actual conflict might have existed if Lyons had represented both co-defendants at trial, the trial court's conclusion that no conflict of interest existed when Ellis and Callahan each independently decided to plead guilty, and therefore that Lyons's performance was not ineffective on this basis, was not clearly erroneous.

(b) Secondly, Ellis claimed that his counsel was ineffective in that she failed to advise him accurately of the parole consequences of pleading guilty to armed robbery. As part of their plea agreement, the State requested that the trial court sentence Ellis to the statutory minimum for armed robbery, ten years, and the trial court abided by that request. OCGA § 17-10-6.1 (c) (3) requires Ellis to serve the entire sentence imposed by the trial court and prohibits any release on parole or other reduction of the sentence. See *Williams v. Duffy*, 270 Ga. 580, 582 (1) (513 SE2d 212) (1999).

At the time Ellis entered his plea and the trial court denied his motion to withdraw it, an attorney's failure to apprise the defendant of a collateral consequence of a negotiated sentence, such as ineligibility for parole under OCGA § 17-10-6.1, could constitute ineffective assistance of counsel. *Hutchison v. State*, 230 Ga. App. 143 (495 SE2d 618) (1998), overruled, *Williams v. Duffy*, 270 Ga. at 582 (1).[1] In

---

[1] *Williams v. Duffy* applies prospectively only because it announced a new principle of law by overruling clear past precedent. *Brown v. Earp*, 261 Ga. 522, 524 (407 SE2d 737) (1991).

*Hutchison*, this Court held that a defendant was entitled to withdraw his guilty plea to rape because his counsel was unaware that his client would be ineligible for parole under OCGA § 17-10-6.1 and therefore was unable to correctly advise of the consequences of pleading guilty. 230 Ga. App. at 144.

The evidence regarding what Lyons told Ellis about the possibility of parole is conflicting. Ellis testified that Lyons told him that there was a chance he could get out after three years. Lyons testified that she advised Ellis that he would be sentenced to a minimum of ten years and would have to serve at least ninety percent of that and could very well have to serve every day of ten years. The trial court was authorized by this evidence to find that Lyons advised Ellis that he would have to serve at least nine years of a minimum ten-year sentence. Ellis also knew that if he were convicted at trial he could be sentenced to a maximum of 20 years. Under these facts, we conclude that there is not a reasonable probability that, but for counsel's error, Ellis would not have chosen to plead guilty but would have insisted upon going to trial. Considering the conflict in the testimony provided at the hearing, we cannot say that the trial court's finding that Ellis had been afforded effective assistance of counsel was clearly erroneous. *Hall v. State*, 210 Ga. App. 792, 794 (1) (437 SE2d 634) (1993). Accordingly, the trial court did not err in denying Ellis's motion to withdraw his guilty plea based on ineffective assistance of trial counsel.

2. Because we have concluded that Ellis did not receive ineffective assistance of counsel, as discussed above in Division 1, we reject his argument that his guilty plea was not knowingly, intelligently and voluntarily entered because of his counsel's performance. The trial court's denial of Ellis's motion to withdraw his guilty plea was not a manifest abuse of discretion and will not be reversed. *Wilcox v. State*, 236 Ga. App. 235, 236 (2) (511 SE2d 597) (1999). We likewise find no merit in Ellis's argument that the withdrawal of his guilty plea must be allowed to correct a manifest injustice. *Martin v. State*, 268 Ga. 584, 585 (492 SE2d 223) (1997).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 21, 1999 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.