A00A2061. LEWIS v. THE STATE.
(543 SE2d 810)

ANDREWS, Presiding Judge.
Melvin Allen Lewis appeals from the judgment entered after a jury found him guilty of driving under the influence to the extent that it was less safe for him to drive and having an open container in his car. The sole issue before us on appeal is whether trial counsel

was ineffective for failing to require the State to lay a proper foundation before admitting evidence of the alco-sensor results. We conclude that trial counsel was not ineffective because Lewis failed to show how the alleged improper foundation prejudiced his defense.

At trial, the State initially tried to introduce the results of the alco-sensor test without laying any foundation. Defense counsel objected, and the prosecutor then asked the officer who administered the test if the alco-sensor he used was approved by the Georgia Bureau of Investigation. The officer replied that it was, and the prosecutor continued with questions about the administration and results of the test. Defense counsel did not object further.

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra.

Here, Lewis argues that after defense counsel objected, the State still failed to lay a proper foundation for admission of the alco-sensor results and trial counsel was ineffective because he did not renew his objection. He claims the officer should have testified to his training and experience, whether he was certified to use this type of alco-sensor and whether the Division of Forensic Sciences had approved the design of the alco-sensor for use in determining the presence of alcohol or drugs in the system.

The admissibility of this evidence is not governed by the requirements of OCGA § 40-6-392 when the alco-sensor is not used as evidence of the amount of alcohol in a person's blood. *Knapp v. State*, 229 Ga. App. 175, 179 (493 SE2d 583) (1997). Here, the officer's testimony was that the alco-sensor was "positive" for alcohol. The State did not attempt to rely on the alco-sensor test as a measure of Lewis's blood alcohol, nor did the officer testify that Lewis "failed" the alco-sensor test. See *Gray v. State*, 222 Ga. App. 626, 629-630 (476 SE2d 12) (1996). Therefore, in order for the alco-sensor results to be admissible, the State is only required to "show that the device is of a design approved by the Director of the Division of Forensic Sciences of the Georgia Bureau of Investigation." *Aman v. State*, 223 Ga. App. 309, 310 (477 SE2d 431) (1996).

As discussed above, the officer testified that the alco-sensor was approved by the GBI. He did not specifically state that it was approved by the Division of Forensic Sciences of the GBI. Even if we were to determine that this was a material omission, there was still no reversible error. The evidence at trial showed that Lewis almost hit an officer directing traffic, smelled strongly of alcohol, failed sev-

eral field sobriety tests, and was driving with an open container of beer in his car. Therefore, we conclude that it is highly probable that this alleged improper foundation did not affect the jury's verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, Lewis cannot satisfy the second prong of *Strickland* requiring him to show that counsel's allegedly deficient performance prejudiced his defense. *Strickland*, supra.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 28, 2000.

*W. Keith Barber*, for appellant.

*Barry E. Morgan, Solicitor, Katherine L. Kissam, Assistant Solicitor*, for appellee.