566 S.E.2d 386 (2002)
255 Ga. App. 623
WASHINGTON
v.
The STATE.
No. A02A0520.
Court of Appeals of Georgia.
June 4, 2002.
Joseph P. Washington, pro se.
Daniel J. Craig, Dist. Atty., Charles R. Sheppard, Asst. Dist. Atty., for appellee.
MILLER, Judge.
Joseph Patrick Washington appeals from the denial of his pro se motion to modify his sentence. On appeal he contends that the trial court erred by (1) denying him a pre-sentencing hearing following his guilty plea, (2) informing him that the court could not reduce his sentence after the sentence was approved by the sentence review panel, and (3) failing to provide him standby counsel at the hearing on his motion for modification of sentence. We discern no error and affirm.
The record reveals that Washington pled guilty to burglary, aggravated assault, and possession of a firearm during the commission of a crime. He was sentenced to twenty *387 years for burglary and aggravated assault and an additional five years for possession of a firearm during the commission of a crime. Within the same term of court, Washington's counsel moved to modify Washington's sentence, but did not move to withdraw Washington's guilty plea. However, no ruling on this motion to modify Washington's sentence appears in the record.
Three years later, Washington, now pro se, filed his own motion for modification of his sentence. He also requested a hearing on this motion. Prior to the hearing, Washington filed a motion for standby counsel to assist him at the hearing.
At the hearing on Washington's motion for sentence modification, Washington was still pro se, and the court allowed the hearing to go forward without the requested standby counsel. The court denied the motion and further commented that it believed that Washington's sentence had been approved by the sentence review panel, which further persuaded the court not to disturb the sentence. Washington appeals.
1. Washington contends that the trial court erred by failing to grant him a hearing after he entered his guilty plea and before he was sentenced. However, there is no evidence in the record that this argument was raised below, nor is the trial transcript a part of the record. Washington has therefore presented nothing for this court to review. See Norwood v. State, 199 Ga.App. 536, 405 S.E.2d 526 (1991) (issues raised for the first time on appeal present nothing for this court to review); Peters v. State, 210 Ga.App. 211, 213(2), 435 S.E.2d 731 (1993) ("Error must be shown affirmatively by the record, and not by mere recitations in a brief. [Cit.]").
2. Washington further argues that the trial court erred by telling him that it could not reduce his sentence once the sentence had been reviewed by the sentence review panel. However, the hearing transcript reveals that the court was simply providing one of several reasons why Washington's motion was subject to denial. The trial court did not abuse its discretion in refusing to reduce Washington's sentence, which sentence was authorized by law. See Murray v. State, 216 Ga.App. 593, 596(2), 455 S.E.2d 79 (1995).
3. Washington finally urges that the trial court erred by failing to provide standby counsel to assist him at the hearing on his motion to modify his sentence. We disagree.
Setting aside the question of whether Washington was even entitled to counsel at this stage of the proceedings, the law is clear that although "[a] criminal defendant has the right to be represented by counsel, and has the right to represent himself, [he] does not have the right to represent himself and also be represented by an attorney. [Cit.]" Reviere v. State, 231 Ga.App. 329, 332(2), 498 S.E.2d 332 (1998). A trial court may but is not required to provide standby counsel once a defendant has elected to proceed pro se. Id. The trial court therefore did not err by refusing to appoint an attorney to assist Washington as standby counsel at the hearing that Washington had requested pro se.
Judgment affirmed.
BLACKBURN, C.J., and JOHNSON, P.J., concur.