A02A1917. SELLERS v. THE STATE.
(574 SE2d 363)

JOHNSON, Presiding Judge.

Darroll Sellers and Ronald Howard were indicted for the armed robbery of a gas station. Sellers was also indicted for obstructing an officer by fleeing from him, and Howard was also charged with giving false information. Howard negotiated a guilty plea agreement with the state, while Sellers pled not guilty to the charges and was tried before a jury.

The evidence presented at his trial shows that on November 23, 1999, Sellers and Howard went to a gas station. Sellers waited in the driver's seat of a white pickup truck while Howard went inside the store. Howard asked the cashier for cigarettes. She turned to get them, and when she turned back toward Howard he had his hand stuck under his shirt. He told the cashier it was an armed robbery and ordered her to open the cash register and give him money. The cashier was afraid that Howard might hurt her with whatever he had under his shirt, so she opened the register. Howard took money from the register drawer and ran out of the store. Howard got in the passenger side of the truck, and Sellers then drove the truck away from the gas station.

Three days later, a similar robbery occurred at a bakery store. The victim of that crime identified Howard as the perpetrator. And he was seen being driven away from the store in a white pickup truck.

The next day, Sellers and Howard were stopped by law enforcement officers based on a lookout for the white truck. Sellers, who was

---

[24] See *Elrod v. State*, 222 Ga. App. 704, 708 (3) (b) (475 SE2d 710) (1996).
[25] See *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

driving the truck, got out of the vehicle and ran away from the officers, but was quickly apprehended. Sellers later gave a statement to the police, admitting that he and Howard had robbed the gas station for money to buy drugs.

The jury found Sellers guilty of armed robbery and obstruction of an officer. The trial court entered a judgment of conviction on the verdict, sentencing Sellers to serve ten years on the armed robbery and twelve months on the obstruction. Sellers appeals, arguing that his trial counsel was ineffective because he failed to inform him that Howard was not going to testify on his behalf. The argument is without merit.

A defendant claiming ineffective assistance of trial counsel must show that his counsel's performance was deficient and that the deficiency prejudiced his defense.[1] Sellers has failed to make the first requisite showing that his counsel's performance was deficient. Sellers has made no citation to the record or transcript supporting his allegation that his counsel failed to inform him that Howard would not testify on his behalf. On the contrary, at the hearing on Sellers' motion for a new trial, his attorney testified that he did, in fact, inform Sellers that he had spoken with Howard's attorney numerous times and that Howard would not testify on behalf of Sellers.

Based on this testimony, the trial court was authorized to find that the attorney did inform Sellers that Howard would not testify for him, and thus there was no ineffective assistance of counsel as alleged.[2] Because the trial court's finding is not clearly erroneous, but is supported by evidence, it must be affirmed.[3]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 6, 2002.

*Jason T. Shwiller*, for appellant.
*James R. Osborne, District Attorney, Thomas J. Melanson, Assistant District Attorney*, for appellee.

---

[1] *Lewis v. State*, 247 Ga. App. 440, 441 (543 SE2d 810) (2000).
[2] See *Ellis v. State*, 240 Ga. App. 498, 501 (1) (b) (523 SE2d 914) (1999) (trial court's finding that defendant received effective assistance of counsel not clearly erroneous where defendant and counsel gave conflicting testimony at new trial hearing about counsel's performance).
[3] *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998).