A03A0671. SCHWINDLER v. THE STATE.
(581 SE2d 619)

MILLER, Judge.

Frank J. Schwindler, Jr. was convicted on various counts of child molestation, which convictions we affirmed on appeal. *Schwindler v. State*, 254 Ga. App. 579 (563 SE2d 154) (2002) ("*Schwindler I*"). Following the Supreme Court of Georgia's denial of certiorari (see *Schwindler v. State*, 254 Ga. App. 908 (2002) ("*Schwindler II*")), the trial court immediately ordered that Schwindler be transferred to the Department of Corrections. Schwindler appeals this order, claiming that under OCGA § 42-5-50 (c), the trial court erred in not waiting until his anticipated appeal to the United States Supreme Court was resolved. We affirm on the ground that OCGA § 42-5-50 (c) allows a transfer where the convicted person's attorney has testified under oath that the convict is no longer needed in the local jail for purposes of prosecuting the appeal.

*Schwindler I* sets forth in detail the factual background of this case. Schwindler was charged with various counts of child molestation and tried in Chatham County Superior Court. 254 Ga. App. at 580. Following his conviction on these counts, his appellate counsel certified that Schwindler's presence was necessary to pursue post-trial proceedings in this matter, and the trial court accordingly ordered under OCGA § 42-5-50 (c) that Schwindler be held at the Chatham County Detention Center until further order of the court. The trial court reaffirmed this order two years later, despite sworn testimony from that same appellate counsel that Schwindler's presence in Chatham County was no longer necessary to pursue the appeal. Schwindler testified that he represented himself and that his presence was needed in Chatham County.

In March 2002, this Court issued a lengthy opinion, in which we fully addressed each of Schwindler's 28 enumerations of error. *Schwindler I*, supra, 254 Ga. App. at 580-592. We affirmed Schwin-

dler's various convictions for child molestation and later denied his motion for reconsideration. Id. at 592. A few months later in September 2002, the Supreme Court of Georgia denied his petition for certiorari. *Schwindler II*, supra, 254 Ga. App. 908.

The trial court immediately ordered that Schwindler be transferred from Chatham County Detention Center to the State Department of Corrections. Schwindler appeals pro se, claiming that he is in the process of filing a petition for certiorari with the United States Supreme Court, and that since all his appeals have not been resolved, the transfer order was premature. He also raises other enumerations of error relating to (i) his right of self-representation in his initial post-trial proceedings before the trial court, (ii) his access to the courts and law libraries, and (iii) the completeness of the record in his first appeal.

1. *Enumeration Nos. 1 and 4.* Schwindler's first enumeration of error contends that his right to self-representation was violated by the trial court's refusal to permit him to conduct post-trial courtroom proceedings. We addressed this very point in *Schwindler I* and ruled against Schwindler. 254 Ga. App. at 588 (9). Similarly, in that opinion we also addressed Schwindler's current fourth enumeration of error relating to the completeness of the record on his first appeal, again ruling against him. Id. at 591 (18). " 'Any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court.' *Whatley v. State*, 218 Ga. App. 608, 611-612 (2) (462 SE2d 779) (1995). Accordingly, we cannot revisit the issue[s] in this appeal." *Britton v. State*, 257 Ga. App. 441, 443 (2) (571 SE2d 451) (2002).

2. *Enumeration Nos. 2 and 3.* Schwindler argues in his second and third enumerations that prison officials obstructed his right to access the law library and other legal materials. The only motion ruled on below relating to this matter was the denial of Schwindler's "Emergency Motion for Relief," in which Schwindler sought to hold the county sheriff and his employees in contempt for failing to give him adequate access to the law library. Finding it had no personal jurisdiction over the sheriff and his employees, the trial court dismissed this motion.

The trial court did not err. Nowhere in the record is there any evidence that the sheriff and his employees, who were not parties to the criminal case, were served with the motion for contempt or with a rule nisi to appear; indeed, the certificate of service reflects that only the State's attorneys were served with the motion. Both the contempt citation and a rule nisi must be properly served on nonparties to afford the court jurisdiction over them for their alleged out-of-court contumacious conduct. *Berger v. North American Co.*, 146 Ga. App. 475, 477 (3) (246 SE2d 716) (1978); see *Lake v. Hamilton Bank of*

*Dalton*, 148 Ga. App. 348, 349 (2) (251 SE2d 177) (1978); *Crocker v. Crocker*, 132 Ga. App. 587, 591 (3) (208 SE2d 602) (1974).

3. *Enumeration Nos. 5 and 6.* In his last two enumerations, Schwindler contends that the trial court erred in ordering that he be transferred to the Georgia Department of Corrections. Schwindler argues that under OCGA § 42-5-50 (c), all appeals of his conviction — including his anticipated appeal to the United States Supreme Court — had to be disposed of before the court could order him to be transferred to the Department of Corrections.

OCGA § 42-5-50 (c) provides:

> In the event that the attorney for the convicted person shall file a written request with the court setting forth that the presence of the convicted person is required within the county of the conviction, or incarceration, in order to prepare and prosecute properly the appeal of the conviction, the convicted person shall not be transferred to the correctional institution as provided in subsection (b) of this Code section. In such event the convicted person shall remain in the custody of the local jail or lockup until all appeals of the conviction shall be disposed of or until the attorney of record for the convicted person shall file with the trial court an affidavit setting forth that the presence of the convicted person is no longer required within the county in which the conviction occurred, or in which the convicted person is incarcerated, whichever event shall first occur.

The intent of this statute is clear. If the attorney for the convicted person — *not the convicted person himself* — certifies to the court in writing the need for the convicted person to be in the county of conviction or incarceration so that the attorney can properly prepare and prosecute the appeal, then the convicted person may not be transferred out of that local facility. See generally *Helmeci v. State*, 230 Ga. App. 866, 870-872 (5) (498 SE2d 326) (1998) (where statute followed, trial court has no discretion to deny request to remain in the local county pending appeal); cf. *Giles v. State*, 257 Ga. App. 65, 69-70 (3) (570 SE2d 375) (2002) (written request of need for presence required). The apparent purpose for such is to afford the attorney easier access to the convicted person for his assistance in preparing and prosecuting the appeal. See *Wilbanks v. State*, 251 Ga. App. 248, 263 (11) (554 SE2d 248) (2001) (transfer out of local jail allegedly prevented convict from assisting his attorney or articulating appellate arguments to attorney). He is to stay in that facility until all appeals of his conviction have been disposed of *or* until his attorney of record files an affidavit that his presence locally is no longer required.

Here Schwindler's appellate counsel, duly appointed by the trial court, *Schwindler I*, supra, 254 Ga. App. at 588 (9), certified to the trial court that Schwindler's presence was required to pursue post-trial proceedings. Accordingly, the court ordered that Schwindler not be transferred from the Chatham County Detention Center until further order of the court, until the completion of the direct appeal, or until counsel for Schwindler certified that Schwindler's presence was no longer necessary. Following the submission of briefs to this Court in the first appeal, the State sought to have Schwindler transferred to the Department of Corrections. A hearing was held, in which Schwindler's counsel testified under oath that he no longer needed to have Schwindler present in Chatham County to prosecute the appeal. This transcribed testimony qualified as a sworn statement from counsel that should have allowed a transfer. Schwindler testified, however, that he was prosecuting his appeal pro se with appellate counsel acting only as "stand-by" counsel, and that his presence was needed in the county for purposes of prosecuting that appeal, which he intended to take to the United States Supreme Court if necessary. He had earlier filed written statements to this effect. Schwindler conceded that he was not an attorney.

Ruling in favor of Schwindler, the court ordered that Schwindler remain in the Chatham County jail pending his appeal. After this Court affirmed his appeal and the Supreme Court of Georgia denied certiorari, the trial court immediately found that all appeals had been disposed of and ordered the transfer to the Department of Corrections.

The court erred in finding that all appeals had been disposed of. Referring to "all appeals of the conviction," OCGA § 42-5-50 (c) intended to cover possible certiorari of the direct appeal to the United States Supreme Court. Cf. *In the Matter of Stoner*, 252 Ga. 397, 398 (314 SE2d 214) (1984) ("It is clear that the appeal to the United States Supreme Court comes within the definition of 'any appeal' in Bar Rule 4-106. [Cit.]"). Schwindler, who had announced his intent to pursue an appeal to the United States Supreme Court, had not yet had the opportunity to pursue that appeal.

Nevertheless, the court did not err in transferring Schwindler to the Department of Corrections. His appellate counsel had testified that Schwindler's presence in Chatham County was no longer necessary, which accordingly authorized a transfer. Schwindler's pro se statements that he needed to remain in the county carried no weight under OCGA § 42-5-50 (c), which requires a statement from *an attorney*, who as an officer of the court could at least somewhat objectively certify as to the actual need for the convicted person to be present in the local county for purposes of assisting that attorney. Schwindler's desire to proceed pro se did not make him an attorney, nor did it

authorize him to begin making certifications that only an attorney could make under OCGA § 42-5-50 (c). The statute is designed to allow an attorney to access his client more easily, not to require that a pro se defendant remain in the local jail at his own choosing. Had the legislature intended that the convicted person representing himself could make the certification, it could have easily said so. Cf. OCGA §§ 43-12-6 ("an opportunity to be heard either by counsel or pro se"); 9-10-3 (allowing a motion "of the plaintiff or the defendant *or their attorneys*") (emphasis supplied); 5-3-3 (allowing an appeal by the plaintiff or defendant or their respective attorney at law); see generally *Washington v. State*, 255 Ga. App. 623, 624 (3) (566 SE2d 386) (2002) (differentiating generally between attorney and pro se representation).

Accordingly, the trial court did not err in ordering the transfer to the Department of Corrections.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003 —
RECONSIDERATION DENIED APRIL 18, 2003 —

Frank J. Schwindler, *pro se.*

*Spencer Lawton, Jr., District Attorney, Lee, Black, Hart & Rouse, R. Jonathan Hart, Emily E. Garrard*, for appellee.

