## A00A2173. CRABBE v. THE STATE.

(546 SE2d 65)

PHIPPS, Judge.

Clayton Crabbe appeals the denial of his motion to withdraw his guilty plea. He claims that his counsel was ineffective for incorrectly advising him that he would be eligible for parole after serving ten years in prison and that he would not have accepted the negotiated plea if his counsel had correctly advised him that he would be required to serve his entire sentence of twenty years in prison on the charge of kidnapping.

There is no requirement that a defendant be advised of his eligibility or ineligibility for parole for his guilty plea to be valid. But where, as here, the defense strategy in plea negotiations is an attempt to ensure the defendant's eligibility for parole, and the defendant's attorney misinforms his client that he will be eligible for parole, the attorney renders ineffective assistance. We therefore reverse the denial of Crabbe's motion to withdraw his guilty plea on the kidnapping charge.

Crabbe was indicted for numerous offenses, including kidnapping, and as a recidivist. His motion to sever certain counts was granted, and those charges ultimately were dismissed. A number of other charges not at issue here were disposed of by plea.

At Crabbe's request, his attorney entered plea negotiations with the State prior to trial. A plea was negotiated and Crabbe pled guilty to kidnapping and other charges, and the State agreed to nolle prosequi the recidivist count. During the plea hearing, the judge did not explain to Crabbe that under OCGA § 17-10-6.1 he would be required to serve any sentence imposed on the kidnapping charge without the possibility of parole. The judge accepted the negotiated plea and sentenced Crabbe to serve 20 years on the kidnapping count, concurrent with the sentences on the other charges. He received no other sentence longer than 20 years.

After he was incarcerated, Crabbe became aware that he would not be eligible for parole after serving ten years and instructed his attorney to file a motion to withdraw his guilty plea. Crabbe's counsel filed the motion, asserted a claim of ineffective assistance of counsel, and withdrew from the case.

At the hearing on the motion, Crabbe testified that his attorney had told him that they needed to eliminate the recidivist count so that he would be eligible for parole. Crabbe's attorney told him that with the dismissal of that count, he would be eligible for parole after ten years. Crabbe testified that the only reason he entered the plea was because he was told that he would be eligible for parole after ten years.

Crabbe's attorney testified that he never made any promises to

Crabbe about how much of his sentence he would serve, but told him that the parole board would make that decision. He acknowledged that Crabbe was concerned about his ineligibility for parole if he were sentenced on the recidivist count. He also testified that he negotiated the dismissal of the recidivist count so that Crabbe would be eligible for parole. He testified that he did not recall whether he discussed with Crabbe the fact that he would have to serve 100 percent of any sentence imposed on the kidnapping charge.

The trial court found that Crabbe was not informed of the provisions of OCGA § 17-10-6.1, which would require him to serve 100 percent of any sentence imposed on the kidnapping charge and that he would not have pled guilty if he had known he would be required to serve the entire sentence without the possibility of parole. Nevertheless, relying on *Williams v. Duffy*,[1] the trial court ruled that Crabbe's counsel was not ineffective for failing to inform him about his parole eligibility or even for informing him inaccurately and denied Crabbe's motion to withdraw his guilty plea.

The two-part test of *Strickland v. Washington*[2] applies to challenges to guilty pleas based on ineffective assistance of counsel.[3] To prevail, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, in the absence of his attorney's errors, he would not have pled guilty and would have insisted on going to trial.[4]

In *Williams*, the Supreme Court of Georgia held that there is no constitutional requirement that a defendant be advised of his eligibility or ineligibility for parole for his guilty plea to be valid and that an attorney is not ineffective for failing to inform his client of parole ineligibility under OCGA § 17-10-6.1.[5] The defendant in *Williams* alleged that his counsel failed to advise him that, pursuant to OCGA § 17-10-6.1 (a) (2) and (c) (3), he would be ineligible for parole if he pled guilty to armed robbery.

We find *Williams* distinguishable. Crabbe's attorney did not merely fail to advise Crabbe of the consequences of pleading guilty to the kidnapping charge. Although he apparently did not intend to provide incorrect information to Crabbe, he nevertheless affirmatively misinformed Crabbe that with the dismissal of the recidivist count, he would be eligible for parole. Relying on this advice, Crabbe pled guilty thinking that after serving ten years he would be eligible for parole consideration. The defense strategy in negotiating the plea

---

[1] 270 Ga. 580 (513 SE2d 212) (1999).
[2] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[3] *Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SC 366, 88 LE2d 203) (1985).
[4] Id.
[5] 270 Ga. at 581-582.

agreement was to ensure that Crabbe would be eligible for parole. Under these circumstances, an attorney rendering reasonably effective assistance would have informed Crabbe before he pled guilty that any sentence imposed on the kidnapping charge would have to be served in its entirety, without the possibility of parole. We find that Crabbe has satisfied the first prong of the *Strickland v. Washington* test.

With respect to the second prong, we accept the trial court's undisputed conclusion that Crabbe would not have pled guilty to the kidnapping charge if he had known that he would be required to serve his entire sentence without the possibility of parole. We therefore find that Crabbe received ineffective assistance of counsel and that the trial court erred in denying his motion to withdraw his guilty plea on the kidnapping charge. Crabbe does not challenge his guilty plea to the remaining counts of the indictment, and our decision will not affect his convictions or sentences on those counts.

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 28, 2001.

*Caleb B. Banks*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.