**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten days**
**of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 23, 2016**

# In the Court of Appeals of Georgia

A16A1221. INGRAM v. THE STATE.

RICKMAN, Judge.

Andreco Rodreiques Ingram appeals the trial court's denial of his motion to withdraw his guilty plea. He contends that his plea counsel was ineffective for erroneously informing him that he was subject to treatment as a recidivist. For reasons that follow, we reverse.

Ingram was indicted for three counts of violating the Georgia Street Gang Terrorism and Prevention Act, trafficking in cocaine, and possession of a firearm by a convicted felon. The State filed a notice of intent to offer evidence in aggravation of punishment and a recidivist notice, which provided that Ingram faced "a sentence of 75 years to serve with no parole." In exchange for Ingram agreeing to enter a non-

negotiated plea to three counts of the indictment,[1] Ingram's counsel got the State to agree to remove the recidivism component and to cap its recommended sentence at 40 years, to serve 20. Ingram's counsel asked for a sentence of 20 years, to serve 10. The trial court sentenced Ingram to 35 years, 20 in confinement and the remainder on probation.

Ingram filed a motion to withdraw his guilty plea, contending that the plea was not knowingly and voluntarily made, the plea was not supported by a factual basis, and his plea counsel rendered ineffective assistance. At the hearing on his motion to withdraw, Ingram's new counsel pointed out that one of the convictions the State had used in its recidivist notice was not actually a conviction because Ingram was given first offender treatment. Counsel argued that Ingram's decision to enter the plea was based primarily on his desire to avoid recidivist punishment and that Ingram relied heavily on his counsel's inaccurate advice that he would be subject to recidivist treatment when deciding whether to enter the plea. In addition, Ingram testified that the most important factor for him in deciding to enter the plea was avoiding the possibility of a 75-year recidivist sentence. The trial court denied Ingram's motion, concluding that the plea was entered "intelligently and voluntarily," and that Ingram

---

[1] Two of the gang-related charges were nol prossed.

2

had failed to show that his "counsel's representation fell below an objective standard of reasonableness" or that absent "any alleged errors by counsel, [Ingram] would not have pleaded guilty and would have insisted on going to trial."

On appeal, Ingram contends that his plea counsel performed deficiently when counsel erroneously informed him that he was subject to treatment as a recidivist and that this deficient performance prejudiced him by inducing him to waive his right to trial and enter a guilty plea. The State concedes that Ingram's counsel was ineffective and likely prejudiced him and does not contest Ingram's appeal.[2]

"[W]hen a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*," 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984). *Alexander v. State*, 297 Ga. 59, 64 (772 SE2d 655) (2015). To prevail on a claim of ineffective assistance of counsel, a criminal

---

[2] In Georgia, "the district attorney represents the people of the state in prosecuting individuals who have been charged with violating our state's criminal laws." (Citation and punctuation omitted.) *Mowoe v. State*, 328 Ga. App. 536, 540 (2) (a) (759 SE2d 663) (2014). A public prosecutor's responsibility "differs from that of the usual advocate; his duty is to seek justice, not merely to convict." (Citations and punctuation omitted.) *Carr v. State*, 267 Ga. 701, 712 (10) (482 SE2d 314) (1997). Moreover, "it is the duty of a prosecuting attorney to see that justice is done and nothing more." (Citations and punctuation omitted.) Id. Accordingly, we commend the State for forthrightly conceding error in this case.

3

defendant must show that counsel's performance "fell below an objective standard of reasonableness and that there is a reasonable probability that, in the absence of his attorney's errors, he would not have pled guilty and would have insisted on going to trial." (Footnote omitted.) *Crabbe v. State*, 248 Ga. App. 314, 315 (546 SE2d 65) (2001).

Ingram's plea counsel advised Ingram of the potential range of punishment he might face and the worst case scenario, including the fact that he was facing a sentence of up to 75 years without parole. While attempting to negotiate a plea for Ingram, "[t]he most important factor for [plea counsel] in the equation was to get rid of recidivism for good, to make sure it didn't come into play." After obtaining some concessions from the State, plea counsel advised Ingram that it was in his best interest to take the plea because he would be subject to a higher potential punishment without the sentence cap and "was most likely going to get recidivism." Ingram testified that avoiding the possibility of a 75-year recidivist sentence was the most important factor in his decision-making process. Plea counsel testified that he would not have recommended that Ingram agree to a non-negotiated plea if the State had not taken recidivist punishment off the table.

Pursuant to OCGA § 17-10-7 (c),

4

any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

The State listed three prior felony "convictions" in its recidivist notice, but Ingram pled guilty and obtained first offender treatment for one of the listed offenses.[3] And "[a] first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia." (Citations and punctuation omitted.) *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000). Thus, Ingram would not have been subject to recidivist treatment and his plea counsel's advice in this regard was erroneous.

"Affirmatively misinforming a client about parole eligibility falls outside the permitted range of professional competence." (Citations omitted.) *Tillman v. Gee*, 284 Ga. 416, 418 (667 SE2d 600) (2008); see also *Alexander*, 297 Ga. at 65 ("When it comes to parole eligibility, . . . an attorney's failure to inform his or her client that he or she would be ineligible for parole as a recidivist for the entirety of a lengthy prison

---

[3] Ingram testified that he completed his first offender sentence, and nothing in the record indicates that the trial court ever entered an adjudication of guilt as to this offense.

sentence is constitutionally deficient performance."); *Crabbe*, 248 Ga. App. at 315-316 (misinforming defendant that he would be eligible for parole when defense strategy in negotiating plea was to ensure such eligibility satisfies first prong of *Strickland v. Washington* test). Thus, plea counsel's affirmative misinformation about parole eligibility satisfied the first prong of the *Strickland v. Washington* test.

Under the prejudice prong, Ingram must demonstrate that there is a reasonable probability that, absent his counsel's erroneous advice, he would not have entered a guilty plea and would have insisted on going to trial. See *Alexander*, 297 Ga. at 66. The undisputed evidence shows that the defense strategy was based on the removal of the recidivist component – it was the goal of Ingram's counsel's discussions with the State and the basis for Ingram's willingness to enter a non-negotiated plea. Under these circumstances, as the State concedes, there is a reasonable probability that, absent counsel's erroneous advice that the plea would be in Ingram's best interest because he would otherwise be subject to recidivist treatment, Ingram would not have entered the guilty plea. See *Tillman*, 284 Ga. at 419-420 (evidence showed that defendant would not have pled guilty had he known that his attorney's representations regarding parole were wholly inaccurate); *Clue v. State*, 273 Ga. App. 672, 674 (615 SE2d 800) (2005) (where State conceded that, but for trial counsel's error, defendant would not have

pled guilty, second prong of the ineffective assistance test was met). Thus, we conclude that Ingram received ineffective assistance of counsel and that the trial court therefore erred in denying his motion to withdraw his guilty plea.

*Judgment reversed. Barnes, P. J., and Boggs, J., concur.*

7