**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 15, 2026**

# In the Court of Appeals of Georgia

A25A1528. MATHIS v. THE STATE.

MERCIER, Judge.

Jerrell Mathis was initially indicted and tried on one count of aggravated child molestation and one count of statutory rape, but that trial ended in a mistrial. See *Mathis v. State*, 367 Ga. App. 588, 589 (887 SE2d 664) (2023) ("*Mathis I*"). Thereafter, the State re-indicted Mathis and added a second count of aggravated child molestation and a count of enticing a child for indecent purposes to the original counts, and the matter proceeded to a second trial. Id. After the parties made their opening arguments in the second trial, Mathis entered an *Alford*[1] plea to all four counts. Id. at 589-590.

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

Following his conviction, Mathis filed a motion to withdraw his guilty plea, which the trial court denied. Id. at 590. In *Mathis I*, this Court found that Mathis's trial counsel performed deficiently by not filing a plea in bar on procedural double jeopardy grounds pursuant to OCGA § 16-1-7(b).[2] Id. at 595 (2) (b). We remanded the matter to the trial court to "reconsider whether Mathis showed that, but for counsel's error in failing to move to dismiss the newly added counts, he would not have pled guilty and would have insisted on going to trial." Id. at 597 (2) (c).

Following remittitur, the trial court held a hearing regarding the prejudice prong of Mathis's ineffective assistance claim and it found that Mathis had failed to meet his burden to show that he was prejudiced by his counsel's ineffective assistance. This appeal followed on the sole issue of whether Mathis met his burden to show that he was prejudiced by his counsel's failure to file a procedural double jeopardy plea in bar to the added counts in the reindictment. For the following reasons, we find that he did and reverse.

---

[2] "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." OCGA § 16-1-7(b).

The underlying facts were put forth in *Mathis I*:

[A] grand jury indicted Mathis on one count of aggravated child molestation (OCGA § 16-6-4) and one count of statutory rape (OCGA § 16-6-3) relating to allegations that he had sexual intercourse with a minor, N. P., on May 11, 2013, and that he also performed a sexual act involving his mouth and N. P.'s sexual organ. During the first trial, a State investigator testified that, during the investigation, she had made contact with Mathis in an attempt to locate N. P.'s mother. The investigator testified that Mathis told her that he did not have contact with her. After this testimony, the trial court stopped the proceedings, and the defense moved for a mistrial on the grounds that the conversation was not admissible because it occurred while Mathis was represented by counsel, and counsel was not present at the time of the conversation. The trial court granted the motion and declared a mistrial. Following the trial, Mathis moved for a complete discharge and acquittal on the grounds that the prosecution had deliberately goaded Mathis to move for a mistrial based on prosecutorial misconduct, but the trial court denied the motion.

A grand jury re-indicted Mathis on the count of statutory rape and the count of aggravated child molestation while also adding one count of enticing a child for indecent purposes (OCGA § 16-6-5) and an additional count of aggravated child molestation. The two new counts alleged that, on the same day as the acts alleged in the two prior counts, Mathis enticed N. P. to the basement of her house for the purpose of indecent acts and that he also committed a sexual act with her involving

his sexual organ and N. P.'s mouth. Before trial, Mathis moved to dismiss the indictment as barred by double jeopardy based on the alleged prosecutorial misconduct in the first trial. The trial court denied the motion because it raised the same issues that were already addressed as part of the first prosecution. During the second trial, after the parties presented their opening arguments but before evidence was presented and the jury reached a verdict, Mathis entered an *Alford* plea to all counts of the second indictment. The trial court sentenced Mathis to 15 years, with the first ten years to be served in prison and the remainder to be served on probation.

Within the same term of court, while represented by new counsel, Mathis filed a motion to withdraw his guilty plea. Mathis argued that the trial court erred in denying his motion to dismiss the indictment for prosecutorial misconduct and that his plea counsel provided ineffective assistance for failing to properly file and litigate the motion to dismiss and that plea counsel was ineffective for allowing Mathis to plead to counts that were barred by double jeopardy. Following a hearing, the trial court denied the motion to withdraw[.]

367 Ga. App. at 589-90.

In *Mathis I,* we directed the trial court to consider the second prong of the ineffective assistance counsel test, which, in the context of a guilty plea, requires Mathis to "demonstrate that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *Wright v. State*, 314 Ga. 355, 357 (877 SE2d 178) (2022) (citation and quotation marks omitted). In our review, we accept "a trial court's factual findings and credibility determinations on an ineffectiveness claim unless they are clearly erroneous, but we apply legal principles to the facts de novo." Id. (citation and quotation marks omitted).

In its order, the trial court found that "[i]t is clear from the record [that] . . . Mathis believed [his trial counsel] had moved to dismiss the new charges." Further, the trial court found that "Mathis did not plead because he believed his attorney failed to move to dismiss the charges, he pled because he believed the motion was unsuccessful and that it would get reversed on appeal." However, whether Mathis *believed* that his trial counsel had properly filed a procedural plea in bar is not the relevant question at issue. Rather, we look to evidence of whether Mathis would not have pled guilty and would have insisted on going to trial had his counsel filed the procedural plea in bar. See generally *Wright*, 314 Ga. at 357. Importantly, this Court found in *Mathis I* that, had Mathis's trial counsel filed a plea in bar based on

5

procedural double jeopardy to dismiss the added counts under OCGA § 16-1-8(b),[3]

it "would have been successful." *Mathis*, 367 Ga. App. at 595 (2) (b). As such, the

proper question is whether Mathis would not have pled guilty and would have insisted

on going to trial if his counsel had filed a procedural plea in bar and the added charges

---

[3]

> (b) A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution:

> (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began; or

> (2) Was terminated improperly and the subsequent prosecution is for a crime of which the accused could have been convicted if the former prosecution had not been terminated improperly.

OCGA § 16-1-8(b).

had been dismissed. The record indicates that Mathis would not have pled guilty under these circumstances.

Following *Mathis I*, Mathis testified that he had not considered pleading guilty following the first trial. Further, as the trial court noted in its order, Mathis testified that the addition of the two counts after his first trial affected his decision to plead guilty and he would have "100%" gone to trial if his counsel had successfully had the two new charges dismissed.[4] Mathis's trial counsel also testified that, prior to the first trial, Mathis had not intended to plead guilty and that Mathis pled guilty due to the new charges. Under these circumstances, there is a reasonable probability that, absent his trial counsel's failure to file a procedural plea in bar, Mathis would not have entered a guilty plea and would have proceeded to trial. See *Ingram v. State*, 338 Ga. App. 552, 554-555 (790 SE2d 641) (2016) (reversed denial of motion to withdraw guilty plea due to ineffective assistance when trial counsel erroneously informed the defendant that he would be sentenced as a recidivist and defendant testified that the

---

[4] Of note, while the trial court cited Mathis's testimony in its order, it made no findings regarding Mathis's credibility. Compare *Bailey v. State*, 313 Ga. App. 824, 827 (723 SE2d 55) (2012) ("the trial court was not required to accept as true [defendant's] claim that he would not have accepted the [second] offer if he had discussed the earlier offer with [his counsel]").

most important factor for his decision in pleading guilty was avoiding a recidivist sentence); *Crabbe v. State*, 248 Ga. App. 314, 315-316 (546 SE2d 65) (2001) (reversed denial of motion to withdraw guilty plea where defendant's attorney misinformed defendant that he would be eligible for parole and defendant testified that the only reason he pled guilty was because he was told that he would be eligible for parole). Thus, we conclude that there is a reasonable probability that Mathis would not have pled guilty had he not received ineffective assistance of counsel. *Ingram*, 338 Ga. App. at 555. Accordingly, we reverse the trial court's denial of Mathis's motion to withdraw his guilty plea. Id.

*Judgment reversed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*